The act of 1794, on which the proceedings in this cause are grounded, is remedial, and ought to be so expounded as to obviate the mischief and advance the remedy intended. The object of the Legislature was to speedily settle conflicting claims to property attached.
The decision here complained of is setting aside the judgment by default after the cause had been pending two or three terms. It has not, however, been shown, nor is it believed, that any evil can arise from such decision. No time is limited by the act of Assembly when the party claiming the property attached shall interplead. We think he may do so on the return of the writ of attachment, or at any time afterwards, so that it is done before final judgment in the cause.
The party who interpleads makes no answer to the plaintiff in attachment, who may, notwithstanding such plea, if he has levied on any property belonging to the defendant, prosecute his suit to judgment. We therefore think that at any time during the pendency of the suit he may come forward to insist upon having an issue made up to (19) try the right of property. A different construction, such as contended for by the plaintiff in attachment, would facilitate the means of depriving a citizen, for a time, of his property without notice, encourage designing men in their attempts to do so, and reduce the true owner to the necessity of resorting to an action at law for compensation in damages; all of which mischiefs we think it was the intention of the Legislature, in passing the law, to provide against.
Let the judgment of the Superior Court be affirmed.
NOTE — See further on the subject of an interpleader to an attachment, Simpson v. Harry, 18 N.C. 202.
Cited: Evans v. Transportation Co., 50 N.C. 332, 334; Grambling v.Dickey, 118 N.C. 989.
PARISH v. FITE. — 1 L. R., 238.
See S. c., 6 N.C. 258.
COTTON v. BEASLEY. — 1 L. R., 239.
See S. c., 6 N.C. 259. *Page 18 
MANN v. PARKER. — 1 L. R., 242.
See S. c., 6 N.C. 262.
(20) BANK OF NEWBERN v. TAYLOR. — 1 L. R., 246.
See S. c., 6 N.C. 266.
CARTHY v. WEBB. — 1 L. R., 247.
See S. c., 6 N.C. 268.