CHLOE POWERS v. VIRGINIA KITE and LAWSON POWERS.

*Canons of Descent—Inheriting from Illegitimates.*

Upon the death of an illegitimate son (intestate, married and without issue) leaving a legitimate half-sister, born of the body of the same mother, his real estate descends to such sister by operation of rule eleven, Bat. Rev., ch. 36, to the exclusion of the widow of such son. By rule eight, the widow is his heir *only* when there is no one who can claim as heir to him.

(*Arrington* v. *Alston*, N. C. Term Rep., 310; *Flintham* v. *Holder*, 1 Dev. Eq., 345; *McBryde* v. *Patterson*, 78 N. C., 412, cited and approved.)

CIVIL ACTION to recover Land, tried at Spring Term, 1880, of CURRITUCK Superior Court, before *Graves, J.*

The case was submitted to the judge upon the following facts agreed : Silas Powers, being the owner of the land in dispute, in 1850 married the plaintiff and died in 1862. He was the illegitimate son of Nancy Powers, who died before the said Silas. The defendant Virginia Kite was the legitimate daughter of the said Nancy; and Lawson Powers, the other defendant, claimed a part of the land in controversy, by purchase from the said Virginia. His Honor being of opinion with defendants, rendered judgment accordingly, and the plaintiff appealed.

*Mr. C. W. Grandy,* for plaintiff.
*Messrs. Pruden & Shaw,* for defendants.

ASHE, J. The only question presented by the record is, who is entitled to the land? the plaintiff who is the widow of Silas Powers, or Virginia Kite, his legitimate half-sister by the mother? The plaintiff, as widow of Silas Powers, claims that she is entitled to the land under the 8th rule of

descents, which is as follows : " When any person shall die, leaving none who can claim as heir to him, his widow shall be deemed his heir, and as such shall inherit his estate." Bat. Rev., ch. 36.

If this were the only law applicable to the case, the plaintiff would be clearly entitled to recover, but the defendant says she is the rightful heir of the said Silas, and has the right to his estate by virtue of the 11th rule, which declares that " illegitimate children shall be considered legitimate as between themselves and their representatives, and their estates shall descend accordingly, in the same manner as if they had been born in wedlock, and in case of the death of any such child or his issue, without leaving issue, his estate shall descend to such person as would inherit if all such children had been born in wedlock." This rule has received an interpretation by repeated decisions of this court, which it is now too late to controvert. The construction given to the rule is, that if an illegitimate or natural born child shall die intestate without leaving any child or children, his or her estate shall descend to and be equally divided among his or her brothers and sisters, born of the body of the same mother and their representatives, whether legitimate or illegitimate, in the same manner and under the same regulations and restrictions as if they had been born in wedlock. This construction was first given to the act of 1779 by the decision in the case of *Arrington* v. *Alston*, Term Rep., 310, and the rule is substantially the same as the act, only modified to make it applicable to real property by omitting so much of it as has reference to personal property. This case was followed by *Flintham* v. *Holder*, 1 Dev. Eq., 345, in an able and exhaustive opinion by that eminent jurist, Chief Justice RUFFIN, who reconsidered the above case and affirmed the decision therein made, holding that when there are children of the same mother, some born in wedlock and others illegitimate, the latter class may inherit

to each other, and the former from the latter. And this case was again followed by the more recent decision of this court in the case of *McBryde* v. *Patterson*, 78 N. C., 412, in which the two above cases are cited, commented on and approved; and they clearly establish the principle, that a brother or sister, born in wedlock, is heir to an illegitimate brother or sister, born of the body of the same mother, who dies intestate and without issue. And if that be so, then Virginia Kite is the heir at law of Silas Powers, and it follows that the widow of Silas must be excluded from the inheritance, because the rule by virtue of which she claims the land expressly provides that she shall be heir *only* when there is no one who can claim as heir to him.

The judgment of the court below, being in accordance with this principle, is correct and must be affirmed.

No error. Affirmed.