*R. W. GLENN and others v. THE FARMERS' BANK.

*Proof of claim to share in fund—Laches.*

A creditor of an insolvent bank whose assets are *in custodia legis* under decree of court, will be let in to prove his debt after the day fixed for proofs, if he is not guilty of laches; but if he fail to make application to do so until after the fund is distributed, having full knowledge of the proceeding, he will be barred of his right.

(*Glenn* v. *Bank*, 80 N. C., 97, cited and approved.)

PETITION for *certiorari* heard at January Term, 1881, of THE SUPREME COURT.

*Messrs. Battle & Mordecai*, for petitioner, Cowles.
*Messrs. Thomas Ruffin* and *Scott & Caldwell*, for defendant.

ASHE, J.   This is a petition for a *certiorari* as a substitute

─────────

* Ruffin, J., appeared as counsel in this case before his appointment as associate justice.

for an appeal in this cause, which was a creditors' suit against the defendant bank, its trustees and stockholders, to have its property applied to its debts, and to have the latter assessed for any deficiency that might be found, according to their respective liabilities under the charter.

At spring term, 1876, of Guilford superior court, the plaintiff, Glenn, obtained a judgment subjecting all the effects of the bank to the payment of himself and such other creditors as should prove their debts within a certain time to be appointed under the direction of the court. At the same term, Peter Adams was appointed a receiver, and two commissioners were appointed to advertise for all creditors to prove their debts by a certain time, or be forever barred. Accordingly, the commissioners advertised in the *Greensboro Patriot* for all creditors to prove their debts by the 5th of August, 1876. Most of the creditors and bill-holders of the bank proved their claims within the time, and the commissioners made their report to spring term, 1877, and the court adjudged that all others were forever barred from any claim upon the funds in the hands of the receiver.

At December term the petitioner (Calvin J. Cowles) applied to the court to be allowed to become a co-plaintiff and to prove his claim, alleging that he knew of the pending suit, but the advertisement had escaped his attention. The application was denied. And again at December term, 1878, he made a similar application which was also refused upon the ground that he had not proved his claims within the time fixed in the advertisement, and that the matter had been adjudicated, from which ruling the petitioner appealed to this court, where at January term, 1879, it was held, no apportionment then having been made of the funds in the hands of the receiver, that if the petitioner had no information of the advertisement limiting the time for proofs and is not chargeable with negligence in bringing forward his claims, his application should have been granted, and

it was the duty of the judge to ascertain and determine these precedent facts before giving a peremptory refusal; and if the petitioner "was not guilty of wilful laches or unreasonable neglect, he ought not to be concluded by the decree from the assertion of his right as a creditor to share in the common fund." 80 N. C., 97.

At fall term, 1879, there was no motion made by the petitioner to be allowed to be made a party to the suit, and no other order in the cause, except that the plaintiff, Glenn, comes into court and in his own proper person files his *retraxit*, which was not opposed by those who had come in and proved their claims. The case being thus determined was put off the docket.

At spring term, 1880, before *Seymour, J.,* on Friday of the second week of the court, it being the 12th day of March, the petitioner through his counsel moved to restore the case to the docket, and be allowed to be made a plaintiff. His Honor refused the motion, and directed the clerk to enter the motion on his minutes and record its refusal, which was then and there done on his rough minutes, which were taken from the office of the clerk and have not since been found. The following order was then made and signed by Judge *Seymour:* "The above action having been dismissed from the docket at fall term, 1879, upon a *retraxit* entered therein by the plaintiff, Calvin J. Cowles at this term of the court moves that the case be restored to the docket and that he be allowed to make himself a party plaintiff and to carry on this suit; and the court upon consideration thereof refuses to restore the action to the docket and to make said Cowles a party, and dismisses the motion; and it is ordered that said Cowles pay the costs of said motion." Shortly after this term, the plaintiff's counsel called on the clerk for a transcript of the record of the proceedings in the case which were had on Friday, the 12th day of March, which the clerk was unable to furnish in consequence of the loss of his rough minutes. The counsel of petitioner on the 23d of

March served a notice of appeal on the plaintiff, Glenn, and a copy of a case on appeal upon the said plaintiff's attorney which was not accepted by him because it was not signed by the petitioner or any attorney, and because no bond had been filed in the case. The bond alleged by the petitioner to have been filed is blank and was not filed with the clerk until more than ten days after the adjournment of court and the rendition of the order of the judge.

After the fall term, 1879, when the *retraxit* was entered and the case put off the docket, and the following December term, 1879, had passed without any motion or order in the cause, the receiver proceeded to distribute the funds in his hands, and had paid out all of them prior to the date of the notice served on him that a motion would be made to restore the case of *Glenn* v. *Farmer's Bank* to the docket. When that case was decided at January term, 1879, of this court, the assets of the bank were still in the hands of the receiver, and unapportioned, and it was in view of that status of the fund, this court then held that the petitioner should have been allowed to come in and make himself a party plaintiff and prove his claim, if he could show that he had no information of the advertisement limiting the time for making proof of his demands, and was not guilty of any unreasonable negligence. But the case now presents quite a different aspect. For when the motion was made in behalf of the petitioner at spring term, 1880, the funds had all been distributed by the receiver, and there was nothing in his hands for the action of the court to operate upon. So long as the fund remained *in custodia legis*, in a proper case, where there is no negligence, the court will let in a creditor to prove his debt even after the time fixed for proofs. But if he fail to make application to be made a party and prove his debt until after the fund is distributed, he will be debarred of the benefit of the decree. Adams Eq., 262; 3 Eng. Chan. Rep., 326; *Glenn* v. *Bank*, 80 N. C., 97.

If the petitioner had moved in the matter at fall term, 1879, or at the December term of the same year, his motion would have been in apt time, for the fund was still remaining in the hands of the receiver. But he neglected to take any step at either of these terms to avail himself of the benefit of the decision of this court at January term, 1879, and delayed making application in the matter until the last day of the spring term, 1880, of the superior court, before which time all the assets had been distributed. The petitioner was clearly "guilty of wilful laches or unreasonable neglect," and has no right to partake of the common fund. The writ of *certiorari* must therefore be denied, and the petition dismissed at the costs of the petitioner.

PER CURIAM.                                   Petition dismissed.