WALKER, J., concurring; BROWN, J., dissenting; HOKE, J., concurring in the dissenting opinion.
This is an action for wrongful death under the Federal employers' liability act by the administrator of an illegitimate child.
The Federal statute provides that such action shall be maintained "for the benefit of the surviving widow or husband and children of such employee; and if none, then of such employee's parents; and if none, then of the next of kin dependent upon such employee." The mother of the intestate is dead, but left two sons and a daughter of tender age and dependent, born in wedlock.
The sole contention of the defendant requiring our consideration is that the expression "next of kin" as used in section 1 of this act is to be construed by the common law, disregarding the State law defining those words. Rev., 137, provides: "Illegitimate children, born of the same mother, shall be considered legitimate as between themselves and their representatives, and their personal estate shall be distributed in the same manner as if they had been born in lawful wedlock. And (15) in the case of the death of any such child or his issue, without leaving issue, his estate shall be distributed among his mother and all such persons as would be his next of kin if all such children had been born in lawful wedlock." To same purport, Rev., 1556, Rule 10. Powersv. Kite, 83 N.C. 156; McBryde v. Patterson, 78 N.C. 412. *Page 50 
The Federal statute provides that this action may be brought in our courts. It is very clear that in North Carolina the two half-brothers and the sister of the intestate are his next of kin. It seems to us immaterial whether it were formerly otherwise in this State either by statute or the common law before any statute. The question is, Who was the "next of kin" at the time of such death in the State where the wrongful death occurred?
In Hutchinson Investment Co. v. Caldwell, 152 U.S. 65, the Court held: "In States whose laws permit illegitimate children, recognized by the father in his lifetime, to inherit from him, such children are `heirs' within the meaning of U.S. Rev. Stat., sec. 2269, which provides that when a party entitled to claim the benefits of the preemption laws of the United States dies before consummating his claim, his executor or administrator may do so, and the entry in such case shall be made in favor of his heirs, and the patent, when issued, inures to them as if their names had been specially mentioned."
In that case it was contended that the word "heirs" was used in the common-law sense. The Court said: "Undoubtedly the word `heirs' was used as meaning, as at common law, those capable of inheriting; but it does not follow that the question as to who possessed that capability was thereby designed to be determined otherwise than by the law of the State, which was both the situs of the land and the domicile of the owner." It has been often held that there is no common law for the Federal courts. The contention that the next of kin must be the same in all the States is not in accordance with the intent of the act. Indeed, there could be no uniformity if that was desirable, for there is no common law in Louisiana, and the common law is much modified in some of the States which we acquired from Mexico and France, and on many subjects the rule of the common law has been held differently in the different States. This case cites U.S. v.Fox, 94 U.S. 315, and is cited Moen v. Moen, 16 S.D. 214.
In Cutting v. Cutting, 6 Fed., 268, where the act of Congress prescribed that the heirs of a married settler should receive a patent where he had not taken it out, it was held: "Who are the heirs of Charles Cutting is a matter to be determined by the local law — the law of Oregon — as is also the question who is his wife. Both these are left to the local law of Oregon," quoting from Lamb v. Starr, 1 Deady, 358: "Who (16) would be entitled to claim as heir (or wife) of the deceased would in all cases depend upon the law of Oregon at the time of the death."
The same ruling was made as to "next of kin" being governed by the law of the domicile in McCool v. Smith, 66 U.S. (1 Black) 459.
The object of the act of Congress was to permit a recovery for wrongful death or injuries on interstate railroads, and that the recovery should *Page 51 
go to the next of kin in the cases specified, the next of kin being determined by the law of the State in which the action is brought; for the status of the citizen, and the statute regulating descent and distribution, are purely State matters, with which Congress has no concern. By the reasoning in the case above cited the words "next of kin" are taken, like the word "heirs," as meaning those to whom the property would go; but who are the heirs and who are the next of kin are matters solely for State regulation.
The decision in Taylor v. Taylor, 232 U.S. 363, decided February, 1914, holds that the right of action given to the employee survives to his personal representative for the benefit of his parents only when there is no widow, and that the act of Congress prescribing what class are the beneficiaries, and the order in which they take, controls, though the State statute fixes a different order of succession. But there is nothing in this decision which militates against the holding in Hutchinson v. Caldwell,supra, that who are the "heirs" or the "next of kin" is regulated by State statute.
The evidence as to the tender age of the children and their being without estate was sufficient evidence to be submitted to the jury on the question of their being dependent. And the fact has been found by the jury, who evidently gave due weight to the evidence of the earning capacity of intestate, as may be inferred from the smallness of the verdict. The exception to evidence need not be discussed.
No error.