UNIVERSITY OF NORTH CAROLINA v. ANDREW MARKHAM ET AL.

(Filed 17 October, 1917.)

**Descent and Distribution—Statutes—Illegitimates.**

> Rule 10 of Descents, Revisal, sec. 1556, providing that "illegitimate children shall be considered legitimate as between themselves and their representatives, and their estates shall descend accordingly in the same manner as if they had been born in wedlock," refers by express terms to Rule 6, so far as it relates to the mother of the *propositus,* which provides that where "the person last seized shall have left no issue capable of inheriting, nor brother, nor sister, nor issue of such, the inheritance shall vest in the father, if living, if not, then in the mother, if living"; and where

one is claiming the inheritance through a legitimate line of ancestry and through the legitimate mother of an illegitimate *propositus,* the fact that the mother was living at the death of her illegitimate child is made a condition precedent under Rule 6 to the vesting of the estate, and the claimant cannot recover should the *propositus* have outlived the mother.

CIVIL ACTION tried before *Devin, J.,* at March Term, 1917, of WAKE.

This action was brought by the University of the State against defendants to recover a lot in the city of Raleigh, N. C., at the northeast corner of Swain and Davie streets, where they intersect each other, which land is fully described in a certain deed registered in the county of Wake (Book 214, p. 160), where the metes and bounds are given. There was a judgment against the defendants, heirs at law of Jane Stallings, who had been made parties to the action by publication of the summons, as directed by the statute. The defendants Andrew and wife, Annie Markham, were allowed to withdraw without the payment of costs. After this judgment was entered, C. E. Cope, claiming to be the heir at law of Jane Stallings, moved, upon affidavit, alleging the fact that he be made a party defendant in order that he might assert his right and title to the land as against the University, which claimed the land by escheat, and upon this motion the following judgment was rendered, the facts being recited therein:

This cause came on to be heard before W. A. Devin, judge, at the March Term, 1917, of the Superior Court of Wake County, upon motion of C. E. Cope by his attorney, Robert C. Strong, that he be made a party and to set aside the judgment theretofore rendered in favor of the University and against the defendants, to the effect that the lands of Jane Stallings, the *propositus,* had escheated to the University of North Carolina upon the ground that the *propositus* was illegitimate, died intestate, and without heirs at law. C. E. Cope claimed the land as the heir at law of Jane Stallings, deceased. The plaintiff denied that C. E. Cope was an heir at law of Jane Stallings, deceased, admitting the allegations contained in the affidavit, and the answer proposed to be filed by C. E. Cope in this cause, for the purpose of this motion, and as if upon demurrer. The allegations, admitted as aforesaid, and having a bearing upon the question which is presented by the motion are as follows:

"C. E. Cope alleged that the said Jane Stallings was an illegitimate child of Charity Stallings; that the said Charity Stallings died intestate before Jane Stallings, without other issue or representative thereof, and without brother or sister, excepting one sister, who married John King; that of this last marriage, Margaret, the mother of the defendant C. E. Cope, was born; that Charity Stallings and Mrs. King were born of the same parents in lawful wedlock; that Margaret Cope was the

legitimate child of Mrs. King; that C. E. Cope is the legitimate child of Margaret, and that Jane Stallings, the *propositus,* had no issue, and died intestate. Margaret Cope is dead, without leaving a last will or testament."

The court found that, taking the allegations of the proposed answer and affidavit as above set forth to be true, C. E. Cope had not shown that he has "a probable cause of action," in that, as matter of law, he is not an heir at law of Jane Stallings, and therefore, and upon that ground only, the motion was denied.

Judgment was rendered for the plaintiff, to which C. E. Cope excepted and appealed.

The foregoing is settled as the case on appeal.

W. A. DEVIN, *Judge.*

*Appellant not represented in this Court.*
*Robert C. Strong for defendants.*

WALKER, J., after stating the case: There is a question in this case as to whether all necessary parties are before the court, but as the point was not made and we consider it quite immaterial in view of our opinion upon the other matter, we will omit any further reference to it.

We agree with *Judge Devin,* who presided at the hearing, that C. E. Cope has no interest in the property which he claims. The claimant derives his right, if he has any, solely through his mother and grandmother by descent, and his claim is based upon the contention that his grandmother inherited from her sister, Charity Stallings, who was a legitimate child. Descents in this State are regulated, not by the common law, but by our statutes (Revisal, chap. 30) and amendments thereto (*Sawyer v. Sawyer,* 28 N. C., 407), not intimating, though, that even at common law the claimant could succeed in establishing his title. The case is controlled by Rules 6 and 10 of the Statute of Descents, Revisal, sec. 1556. It must be understood that Jane Stallings, who purchased the land and was the illegitimate child of Charity Stallings, is the *propositus,* or source of the title; the stock of descent began with her, and the claimant must trace his title to her by some rule authorizing him to do so. Jane Stallings left no issue, brother nor sister, nor issue of such, and she survived her mother, who left a legitimate sister of the whole blood (Mrs. King), and it is through a supposed course of descent from Jane Stallings (illegitimate) to her mother, Charity Stallings (who was not living at the time of Jane's death), and then to Mrs. King, and from her to her daughter Margaret Cope, and from the latter to her son C. E. Cope, that the latter claims to have derived title to the land, Mrs. King and Mrs. Cope being dead.

With these facts before us, it is well to refer to our statute on the subject, which is Rule 10 of Revisal, sec. 1556, relating to descent from and among illegitimates, which provides: "Illegitimate children shall be considered legitimate as between themselves and their representatives, and their estates shall descend accordingly, in the same manner as if they had been born in wedlock. And in case of the death of any such child or his issue without leaving issue, his estate shall descend to such person as would inherit if all such children had been born in wedlock: *Provided,* that when any illegitimate child shall die without issue, his inheritance shall vest in the mother in the same .manner as is provided in Rule 6 of this chapter."

It will be seen from this literal recital of the statute that illegitimates are deemed, in law, legitimate as between themselves and their representatives, and their estates descend accordingly—that is, as if they had been born in wedlock. There is nothing dubious about this part of the statute, but, on the contrary, its language is plain, direct, and perfectly intelligible. The statute, therefore, further provides that where there are legitimate and illegitimate children of the same mother, and one of them, whether of one class or the other, shall die without leaving issue, or if having issue, one or more of such issue should die without leaving issue, the descent will be the same as if all of the children had been legitimate, or born in lawful wedlock. But this does not exhaust the provisions of the statute, as the course of descent is further extended, so as to direct the inheritance from an illegitimate if he dies without issue, and in that event his mother takes from him, in the same manner as provided in Rule 6. We, therefore, turn to that rule and find that the inheritance will only vest in the mother when she is living at the death of her child, as the following language plainly shows: "Collateral relations of the half blood shall inherit equally with those of the whole blood, and the degrees of relationship shall be computed according to the rules which prevail in descents at common law: *Provided,* that in all cases where the person last seized shall have left no issue capable of inheriting, nor brother nor sister, nor issue of such, the . inheritance shall vest in the father if living, and if not, then in the mother *if living."*

It is said in *Sawyer v. Sawyer,* 28 N. C., 407: "If the *propositus* had died without leaving any one who could succeed to the inheritance, but collaterals on the part of the mother, the land would have escheated to the University." The child of Zelia Sanderson was the *propositus* in that case, and was legitimate. She acquired her estate by devise from her grandmother, and was, therefore, a purchaser—as Jane Stallings was in this case. It is true that the *Sawyer case* was decided upon a construction of another part of the statute (Rule 5), but the language we have quoted is relevant also to this discussion. The mother can in-

herit from her child only when she survives the child. The word "if" is one of condition, and the estate will not vest if it is not complied with, it being, in this case, a condition precedent.

Rule 9 has no application to our facts, as it relates to descents from the mother to her illegitimate child, or its descendants, in default of legitimate issue, and excludes the illegitimate child and its descendants from inheriting, as representative of its mother, any part of the estate of her kindred, either lineal or collateral. It manifestly has no bearing upon our case, as this inheritance proceeds from the child and not from the mother, being, therefore, the reverse of the one mentioned in Rule 9.

The cases cited by the learned counsel for the claimant, C. E. Cope, are not in point. *Kenney v. R. R.,* 167 N. C., 14, was decided upon Revisal, sec. 137, as to the distribution of the personal property of an illegitimate child, which is differently worded, and throws no light upon the subject. In that case the only point decided as to the distribution was that the half-brothers and the sister of the deceased, who was illegitimate, will take from him, this being within the spirit and according to the very letter of the section. *Powers v. Kite,* 83 N. C., 156, is equally foreign to the facts appearing in this record. The decision there was confined to Rule 8, which provides: "When any person shall die, leaving none who can claim as heir to him, his widow shall be deemed his heir, and as such shall inherit his estate." Revisal, sec. 1556. The Court referred to Rule 11, now Rule 10, only for the purpose of showing that Silas Powers' widow could not inherit from him, as he had a sister, who was legitimate and his heir, under that section. This excluded his widow as heir, under Rule 8, as she could be his heir *only* when there was no one who could claim as heir to him. *Arrington v. Alston,* 4 N. C., 727; *Flintham v. Holder,* 16 N. C., 345; *McBryde v. Patterson,* 78 N. C., 412.

Our case is different from all those relied on by counsel. Rule 10 plainly provides that the mother shall be heir to her illegitimate child only in the event that she outlives him. It is like limitations in wills and deeds, which have frequently been before us for interpretation, where real property is given to one for life and then to another if living at the death of the life tenant. We have always held that the second estate is a contingent remainder and will not vest unless the person to whom it is given is living at the expiration of the particular estate. "A conveyance of land to the wife for life, with remainder over after the expiration of her life estate to the children of her present marriage, now or that are hereafter born thereof, and the lawful descendants of said children 'that are living at her death,' does not convey a vested interest to the remaindermen at the time of its execution, but a contingent one, to be vested in such as are alive at the designated time and then fill the description." *James v. Hooker,* 172 N. C., 780. See, also, *Vin-*

*son v. Wise,* 159 N. C., 653; *Latham v. Lumber Co.,* 139 N. C., 9; *Bowen v. Hackney,* 136 N. C., 187; *Whitesides v. Cooper,* 115 N. C., 570; *Watson v. Smith,* 110 N. C., 6; *Irvin v. Clark,* 98 N. C., 437.

We are of opinion, therefore, and so decide, that the claimant, C. E. Cope, is not an heir of Jane Stallings, and therefore has no interest in the action which entitles him to have the judgment set aside for the purpose of allowing him to file an answer contesting the plaintiff's rights.

Affirmed.