IN RE WILL OF JOHN NEAL.

(Filed 9 November, 1921.)

**1. Public Administrators—Estates—Rights to Qualify—Statutes.**

The public administrator of a county has no right or interest in the estate of the deceased which would entitle him to administer, unless and until he has been appointed and qualified by the clerk upon the specific estate, C. S., 6, and after the period allowed for the relatives to qualify in the order specified by the statute, or some other person on their letter of renunciation. C. S., 20.

**2. Same—University of North Carolina.**

Where those claiming the estate of the deceased by descent and distribution have filed a caveat to a paper-writing purporting to be his will, and the questions at issue not only relate to the validity of the will, but the rights of the caveators as lawful claimants, the University of North Carolina, to whom the estate may eventually escheat, is a proper party, and not the public administrator.

**3. Escheat—University of North Carolina—Statutes—Constitutional Law —Descent and Distribution.**

The University of North Carolina, under its charter, since confirmed by our State Constitution, Art. IX, sec. 7, and now embraced in C. S., 5784-5-6, has the right by escheat to the property of a decedent, who has died intestate, leaving no one else to whom it would go under our statutes of descent and distribution.

STACY, J., concurs in result.

APPEAL by Charles E. Hamilton, caveator, from *Long, J.,* at the September Term, 1921, of FORSYTH.

John Neal, born in Winston, N. C., a *nullius filius,* died in Omaha, Neb., leaving an estate estimated to be of the value of $800,000 or over. On 19 October, 1920, what was claimed to be a copy of a lost, or destroyed, will disposing of his property and appointing the Wachovia Bank and Trust Company executor and trustee, was admitted to probate in the Superior Court of Forsyth.

The caveat was duly filed to said will by Jenny Beckerdite, of Washington, D. C., claiming to be the mother of said John Neal, and by one Mary Harbin McCoy and her son, Tharry McCoy, of Okmulgee, Okla., claiming to be the wife and son of said John Neal, and in addition, on 19 April, 1921, the appellant, Charles E. Hamilton, public administrator of Forsyth, filed his petition for caveat, upon the ground that he was entitled to qualify and that his interest in the commissions which would accrue was such "interest in the estate" as would entitle him to maintain a caveat to contest the validity of the copy of the alleged will and also to contest the claim of Jenny Beckerdite to be the mother of the deceased, and of Mary Harbin McCoy and her son to be the wife and son of the deceased. The court dismissed the petition of said Charles E. Hamilton, public administrator, and he appealed.

*Lindsay Patterson and H. G. Hudson for appellant.*
*Manly, Hendren & Womble for Wachovia Bank and Trust Company.*
*L. M. Swink and B. S. Royster for residuary legatees.*
*M. L. Learned and Craig.& Vogler for special legatees.*

CLARK, C. J. The petition was properly dismissed. A party entitled to file a caveat under C. S., 4158, must be some one "entitled under such will or interested in the estate." It being admitted that the deceased was *nullius filius,* there could be no one coming within that designation except: (1) His mother, if living; (2) his wife and child, if proven to be such; and (3) the University of North Carolina, should it be found that the deceased left neither mother, nor wife nor children.

A public administrator is a position created by ch. 113, Laws 1868-9, now C. S., 17. He has no interest in or control over any estate until appointed thereto by the clerk, and qualified, C. S., 20. It is not necessary to discuss whether his prospective commissions is such an interest as would entitle him to caveat the will, for he has not been appointed administrator of this estate, and has no interest whatever therein.

Under C. S., 20, the public administrator can apply for letters of administration "when the period of six months has elapsed from the death of any decedent, and no letters testamentary or letters of administration or collection have been applied for and issued to any person," and even then such public administrator is not entitled in all cases to be appointed. See citations under that section.

In this case the Wachovia Bank and Trust Company has already been appointed, and there is no ground upon which the public administrator can be entitled to qualify unless such administration is set aside upon a caveat of the will or by order of the clerk for other sufficient cause.

In the trial of the caveat now pending, it must be determined whether the mother is living, or whether the deceased left a wife and child, as

alleged, and in the trial of such caveat the University of North Carolina, in view of the claims of the first two parties being negatived, is a proper party, the University would be entitled to the property if the will is set aside, by the terms of the charter of that institution in 1789, which conferred upon it all property escheating for lack of heirs and distributees or otherwise. If the contest should be decided in favor of either of these three parties, and the alleged will should be set aside, the administration would be conferred upon the successful contestant, or some one selected at the request of such party. In no event has the public administrator any right to be appointed to administer until the successful party has waived its right to do so. C. S., 29 and 30. The position of public administrator confers no right to administration until the parties having the prior right to qualify have waived their right or been adjudged unfit by the clerk. He has no interest in the estate and no right to qualify unless and until appointed to the particular estate by the clerk. Until so appointed he is simply an "eligible" for appointment upon the default of the parties who have a prior right to appointment. 24 Corpus Juris, p. 1201, sec. 2873, note (a).

The right of succeeding by escheat to all property when there is no wife, or parties entitled under the statutes of descent and distribution, was conferred upon the University by its charter in 1789 (ch. 306, sec. 2), and has been confirmed since by the State Constitution, Art. IX, sec. 7, and has been extended by several statutes which are now C. S., 5784, 5785, and 5786. This is a most valuable right which will become more and more a source of revenue to the University as the State grows in wealth and population. One of the first cases in which the matter was presented is *Tindall v. Johnston,* 2 N. C., 373, and among those since have been two recent cases, one from Wilmington and the other from Goldsboro *(Grantham v. Jinnette,* 177 N. C., 229), out of which the University became entitled under decisions of this Court to receive very considerable sums.

The University, therefore, is the proper, if not necessary, party to represent the public interest if there is a default of heirs and distributees, but the public administrator is not when he has not been appointed and qualified upon the estate in question. C. S., 6.

This contest turns upon the validity of the alleged will, a copy of which has been probated in common form in lieu of the alleged original will. The parties who are entitled to urge the caveat to set aside this probate are, as already stated, the alleged mother, the alleged wife and son, and the University of North Carolina.

The judgment dismissing the petition of the public administrator is
Affirmed.

STACY, J., concurs in result.