## 12319

### NEWELL *ET AL.* v. RHEM *ET AL.*

#### (140 S. E., 234)

1. BANKS AND BANKING—AMOUNT RECOVERED IN ACTION TO ENFORCE BANK STOCKHOLDERS' LIABILITY HELD DISTRIBUTABLE RATABLY TO ALL DEPOSITORS WHETHER PARTIES TO ACTION OR NOT (CIV. CODE 1922, § 3998).—In action under Civ. Code 1922, § 3998, to enforce bank stockholders' liability where only small part of depositors were plaintiffs, and where total of claims presented was but small part of total deposits, *held,* decree should provide for distribution of amount recovered ratably among all depositors whether or not they were parties to the action.

2. APPEAL AND ERROR—BANK STOCKHOLDERS, IN ACTION TO ENFORCE STATUTORY LIABILITY, HELD ENTITLED TO COMPLAIN OF DECREE NOT PROVIDING FOR RATABLE DISTRIBUTION OF RECOVERY TO ALL DEPOSITORS (CIV. CODE 1922, § 3998).—In action under Civ. Code 1922, § 3998, to enforce bank stockholders' liability, stockholders, whose rights as depositors were protected, *held,* nevertheless, entitled to appeal on ground that depositors not parties to the action were not given right to participate in sum recovered.

Before DENNIS, J., Williamsburg, March, 1926. Modified and remanded.

Action by J. P. Newell and others against J. D. Rhem and others. From the decree rendered, defendants appeal.

*Mr. Philip H. Stoll,* for appellants, cites: *Right of action barred before statute had run:* Sec. 331, Code Civ. Proc. *When one or more may sue or defend for benefit of the whole:* Sec. 362, Code Civ. Proc.

*Mr. Norval N. Newel,* for respondents, cites: *Cases distinguished:* 11 Rich., 259. *One party may represent all of a general class, and all parties 'belonging to the class are bound thereby:* 13 S. C., 309; Sec. 362, Code Civ. Proc. *An action may be brought by one creditor on behalf of himself and all others who shall come in and contribute to the expense of the action:* 27 S. C., 340; 4 S. C., 508.. *Respondent's attorney's fees should be allowed out of the common fund recovered:* 31 S. C., 495. *In a general creditors suit the order requiring notice to be given to creditors is a part of the regular procedure, proper that it should be made upon an Ex Parte motion:* 9 Rich. Eq., 337; 4 Rich. Eq., 56.

November 15, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The Bank of Hemingway, located in Williamsburg County, became insolvent and was taken over by the state bank examiner on October 2, 1922. (In the referee's report, January 26, 1923.)

The capital stock of the bank was $50,000, owned by 127 stockholders; its deposit debit account amounted to $180,000, the depositors numbering 173.

It became necessary to resort to the stockholders liability of 100 per cent., under Section 3998, Vol. 3, Code of 1922, in aid of the depositors.

On August 25, 1924, this action was instituted in the Court of Common Pleas of Charleston County by 22 of the 173 depositors (whose deposits aggregate $9,304.13 out of a total of $180,000) against certain of the stockholders of the bank, as a creditors' bill, "in their own behalf, and in

behalf of all depositors who would come in and contribute to
the expenses and attorney's fees," for the purpose of en-
forcing the statutory liability of the stockholders.    (The
transcript does not disclose how many of the 127 stock-
holders were made parties to the suit.   It may be assumed
that *all* of them were not made parties, from what follows.)

The defendant stockholders answered, admitting that the
bank was insolvent; they allege a defect of parties in that all
of the stockholders were not made parties, and that all of
the depositors were not made parties; they also set up the
claim that the stockholders, who were also depositors, were
entitled to participate in the fund realized in the plaintiffs'
action.

On October 28, 1924, the plaintiffs moved for an order
striking out the answer of the defendants as sham and ir-
responsive to the pleadings.    His Honor Judge Mauldin
heard and refused the motion in an order dated on that day.
At the same time he signed an order requiring that all of the
stockholders be made parties defendant.    It is assumed that
this order was complied with, although there is no statement
in the transcript to that effect.

On the same day, October 28, 1924, the plaintiffs, with-
out notice to the defendants, and, of course, without notice
to the other stockholders who were required by the order of
that date to be brought in, obtained an *ex parte* order from
his Honor Judge Mauldin, requiring all depositors to file a
statement of their claims with plaintiff's attorney and with
the master of Charleston County, within 20 days after pub-
lished notice, and declaring that depositors who failed to
comply with that order be barred from participation in the
funds realized upon the stockholders' liability.

The notice was published in the Charleston Evening Post,
and in response thereto 36 depositors filed their claims
aggregating $22,743.27.    (The depositors numbered 173;
22 were plaintiffs and 36 came in under the order; there

were therefore 115 depositors not directly in the case. The aggregate deposits of the 22 were $9,304.13; of the 36, $22,-743.27; there were therefore $147,952.60 of the $180,000 of deposits not represented.)

On February 20, 1925, upon motion of the defendants, an order was signed by his Honor Judge Shipp changing the venue from Charleston County to Williamsburg County, and referring the case to F. K. Myers, master of Charleston County, as special referee.

At a reference held under this order, there were introduced in evidence the stock ledger of the bank, a list of the depositors, and their deposit accounts.

It appeared therefrom that 30 of the defendant stockholders were depositors to the aggregate extent of $5,187.-86.

On November 9, 1925, the special referee filed his report recommending judgment against the defendant stockholders upon their statutory liability, in favor of the plaintiff depositors and those who had filed statements of their claims, under the order of his Honor Judge Mauldin, of October 28, 1924.

To this report the defendants excepted upon the following grounds, in substance:

(1) That those of the defendants who are depositors as well as stockholders and parties to the suit are entitled to participate in the fund realized upon the stockholders' statutory liability. (2) That all of the depositors whether named as plaintiffs or defendants, and whether or not answering the notice to file statements of their claims, under the order of October 28, 1924, appearing upon the books in evidence as depositors, are entitled to participate in said fund.

The matter then came on to be heard by his Honor Judge Dennis, who on March 6, 1926, filed a decree holding that the defendants who are depositors as well as stockholders are entitled to participate in the fund, but that the depositors

who failed to comply with the order of his Honor Judge Mauldin, of October 28, 1924, were barred from participation. The decree provided for judgment against the defendant stockholders in amounts equal to the face value of their stock, respectively.

The defendants have appealed from this decree mainly upon the ground of error in excluding from participation in the fund the depositors who appeared as such upon the books of the bank, but who failed to respond to the notice which required them to file statements of their claims.

The rights of the defendants *as depositors* have been protected by the decree; they have been allowed to participate in the fund to be paid in by them, along with the depositors who are plaintiffs and those who have filed claims. Strictly speaking, the defendants, *as stockholders,* are not interested in the distribution of the fund which may be raised upon their statutory liability. In fact, they are benefited by the order of his Honor Judge Dennis in limiting the participants to the classes of depositors above indicated; instead of responding to claims aggregating $180,000, the decree limits that liability to:

1. Plaintiffs depositors ....................$   9,304.13
2. Filing depositors ......................  22,743.27
3. Defendant depositors ...................   5,187.86

$37,235.26

It may be true that the depositors who did not respond to the notice to file statements of their claims might be concluded by the order of May 28, 1924, yet that is not at all certain; and even if it were certain, it does not follow that this class of depositors would accept their fate without a struggle. The stockholders have an interest then of value, in order to be protected from harassing suits and a multiplicity of them, to have the right thing done, and to have the right of these depositors to participa-

tion, if its exists, determined in this action. It is to the credit of the stockholders that, in view of a present benefit to them in the decree of his Honor Judge Dennis, they have brought to the attention of the Court the interests of those depositors, not only for the benefit of such, but for their own protection.

The practical result of the decree gives pause to the conclusion of its correctness. The capital stock of the bank was $50,000; that is the measure, in extreme limit, of the liability of the stockholders. The claims of the depositors preferred by the decree amount to $37,235.26. The total deposits amount to $180,000. The claims of the depositors who are excluded from participation, then, amount to $142,-764.74. It is not unreasonable to assume that out of a stock liability of $50,000, there may be realized $37,000. So that the preferred depositors will receive 100 per cent. and the others nothing.

The plaintiffs have instituted what is practically a creditors' bill, as was entirely proper. They are in a Court of their own choosing, which delights to do equity. They themselves introduced in evidence the bank books and the list of all of the depositors, showing the amounts due to each one. The whole matter was open before the Court, and the same result could have been accomplished as if these outside depositors had formally filed statements of their claims.

The special referee very properly followed the order of his Honor Judge Mauldin in reference to the filing of claims by depositors. But we do not think that his Honor had the power to bar the rights of the depositors who were not then personally before the Court, or to debar a succeeding tribunal from allowing the claims to be filed after the period fixed, particularly where the publications was made in a County in which only one of the stockholders and very few, if any, of the depositors, resided. His Honor Judge Dennis doubtless thought that he, too, was bound by the order of

his Honor Judge Mauldin. He does not appear to have exercised his discretion in the matter, which ordinarily would not be reviewed. If he had refused upon this ground, we think that the justice of the case so peremptorily demanded the allowance of the claims that a refusal under the circumstance should be reversed.

In *Ex parte Nayler,* 11 Rich. Eq., 259; 78 Am. Dec., 457, it is said:

"In bills to marshal and administer the assets of embarrassed estates in the Court of equity, commonly called creditors' bills, the practice is well settled to allow a creditor who has failed to present and prove his claim before the day appointed in the order calling in creditors, still to come in with his claim, at any time before the actual distribution of the assets, upon his contributing his fair proportion of the expenses of suit. This practice needs no vindication beyond that contained in the cases of *Shubrick v. Shubrick,* 1 McC. Eq., 406, and *Ex parte* Hanks Dud. Eq., 233."

See, also, *Wardlaw v. Oil Mill,* 74 S. C., 368; 54 S. E., 658; 114 Am. St. Rep., 1004.

The concession will be more readily accorded in a case like this, where the object of the proceeding is to get the fund in hand for the benefit of all of the depositors. It should have been taken into consideration that the original suit was brought in Charleston County where only one of the stockholders resided; that the call for depositors was ordered to be published in a *Charleston* paper, upon an *ex parte* application, which would probably have been seen by but a few, if any, of the depositors living in Williamsburg County.

In *Glenn v. Bank,* 84 N. C., 631, the Court says (quoting syllabus) :

"A creditor of an insolvent bank whose assets are in *custodia legis* under decree of Court, will be let in to prove

his debt after the day fixed for proofs, if he is not guilty of laches."

The Supreme Court of Nebraska, in the case of *State v. Bank,* 61 Neb., 22; 84 N. W., 406, says (quoting syllabus):

"A Court may, in its discretion, permit a creditor to share in the assets of an insolvent bank, although his claim was not filed with the receiver within the time which was by a general order limited for the presentation of claims."

Also, in *People v. Bank* (Sup.), 136 N. Y. S., 311, the Court holds that creditors of a corporation who do not file their claims for dividends are entitled to them, notwithstanding the fact that there was a statute requiring the claims to be filed.

The plaintiffs are entitled to a judgment against each of the stockholders for an amount equal to the par value of the stock held by them severally. The enforcement of these judgments should be suspended until a receiver in this action shall be appointed, who, under direction of the Court, shall collect such an assessment of the whole or part of the several judgments as may be necessary to discharge the claims of all of the depositors, limited of course, by the amounts of the judgments, and shall, after the payment of the costs and expenses of this suit, including a reasonable fee to the attorneys, distribute the remainder to said depositors ratably.

The judgment of this Court is that the decree of his Honor Judge Dennis be modified in accordance with this opinion, and that the case be remanded to the Court of Common Pleas of Williamsburg County for such further proceedings as may be consistent herewith.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.