UNAKA AND CITY NATIONAL BANK OF JOHNSTON CITY, ET AL., v. JOHN P. LEWIS ET AL.

(Filed 7 December, 1932.)

**Attachment H b—Court has discretionary power to allow intervener to claim property while it is still in custodia legis.**

Where the plaintiff sues the defendant for debt, asks that a deed be set aside as fraudulent, and attaches certain personal property, and both parties appeal from the judgment: *Held*, the trial court has the power if not as a matter of right, then as a matter in his discretion, to allow a claimant of certain of the personal property to intervene at the next

succeeding term of the court after affirmance of the judgment on appeal, the personal property claimed still being *in custodia legis*, and the judgment that the personal property claimed by the intervener was the property of the defendant may not be pleaded as *res judicata* in bar of the intervener's claim. C. S., 460, 840.

APPEAL by plaintiff from *Schenck, J.*, at June Special Term, 1932, of WATAUGA.

Civil action for debts, and to have deed set aside as fraudulent, with ancillary remedy of attachment.

Intervention by J. C. Donnelly who set up title to a part of the property attached, to wit, the "Major Donnelly horse."

From a verdict and judgment in favor of the intervener, plaintiff appeals, assigning errors.

*T. C. Bowie for plaintiffs.*
*Ervin & Ervin for intervener.*

STACY, C. J. Plaintiff sued the defendants, John P. Lewis and Madge M. Lewis, for debt, asked that a deed be set aside as fraudulent, and attached certain personal property including the "Major Donnelly horse." It was contended by Mrs. Lewis on the trial that she held said horse only as bailee. Both sides appealed from the verdict and judgment entered at the September Term, 1930, Watauga Superior Court, which was affirmed 27 June, 1931. *Bank v. Lewis,* 201 N. C., 148, 159 S. E., 312.

At the next succeeding term following affirmance of the judgment on appeal, J. C. Donnelly was allowed to come in as intervener, over objection of plaintiff, and set up title to the "Major Donnelly horse," which was still in the possession of the sheriff or in *custodia legis. Glenn v. Bank,* 84 N. C., 631. This was a matter resting in the sound discretion of the trial court, if it be conceded the intervener was not entitled to come in as a matter of right. C. S., 460 and 840; *Sanders v. May,* 173 N. C., 47, 91 S. E., 526; *Washington v. Hodges,* 200 N. C., 364, 15 S. E., 626.

Speaking to the subject in *Dodson v. Bush,* 4 N. C., 18, the Court said: "No time is limited by the act of Assembly when the party claiming the property attached shall interplead. We think he may do so on the return of the writ of attachment, or at any time afterwards, so that it is done before final judgment in the cause." This was quoted with approval in *Evans v. Transportation Co.,* 50 N. C., 332.

It follows, therefore, as the court had the discretion to allow the intervener to come in and set up his claim to a part of the property

attached, which was exercised in intervener's favor, the former judgment in the action could not be pleaded by the plaintiff as *res judicata.* 34 C. J., 1024. The case of *Ladany v. Assad,* 91 Conn., 316, 99 Atl., 762, cited and relied upon by plaintiff, is not controlling, for there the claimant undertook to assert his right in an independent action rather than by intervention in the original cause as the intervener has done here.

As no reversible error has been made to appear, the verdict and judgment will be upheld.

No error.