This is a special proceeding, instituted before the clerk of the Superior Court of Forsyth County, on 12 December, 1932, for the purpose of having determined by the court which of the plaintiffs and defendants are heirs at law and next of kin of Ed L. Carter, deceased, and for the partition among his heirs at law of lands of which the said Ed L. Carter died seized and possessed, and for the distribution among his next of kin of the personal property which was owned by the said Ed L. Carter at his death.
After pleadings had been filed, to wit: On 20 February, 1933, on the facts set out therein, an order was made in the proceeding by the clerk of the Superior Court that the lands described in the petition be sold by *Page 789 
a commissioner appointed by the court for that purpose; and pursuant to said order the said lands were sold by the commissioner and the proceeds of the sales, to wit: The sum of $7,291.40, are now in the office of the clerk of the Suprior [Superior] Court of Forsyth County, awaiting final judgment in the proceeding. In addition to this sum, there is now in the hands of the defendant administrator of Ed L. Carter, deceased, subject to the orders of the court, the sum of $9,000, which constitutes the personal estate of Ed L. Carter, deceased.
Pursuant to an order of the clerk of the Superior Court of Forsyth County made on 20 February, 1933, the proceeding was transferred by said clerk to the civil issue docket of the Superior Court of Forsyth County for the trial by a jury of the issues of fact raised by the pleadings. At March Term, 1933, of said court, issues involving the conflicting contentions of the plaintiffs and defendants, as to which of the said parties to the proceeding are heirs at law and next of kin of Ed L. Carter, deceased, were submitted to and answered by the jury. Judgment was rendered at said March Term, 1933, of the court, in accordance with the verdict, determining that certain of the plaintiffs and certain of the defendants are heirs at law and next of kin of Ed L. Carter, deceased, and as such are entitled to share in the division of the proceeds of the sales of the lands owned by the said Ed L. Carter, at his death, and in the distribution of the personal property owned by the said Ed L. Carter at his death.
After the judgment in this proceeding was rendered at March Term, 1933, of the Superior Court of Forsyth County, and before the proceeds of the sales of the lands owned by Ed L. Carter at his death had been divided, or the personal property owned by the said Ed L. Carter, at his death, had been distributed in accordance with said judgment, to wit: On 29 April, 1933, the University of North Carolina filed a motion in writing in the proceeding, praying that it be allowed to intervene in the proceeding, for the purpose of setting up its claims, under the Constitution and laws of this State, to the property, both real and personal, owned by Ed L. Carter, at his death. This motion was heard and allowed by the court at its October Term, 1933.
The University of North Carolina thereupon intervened in the proceeding and filed its petition. On the facts alleged in its petition, it prayed that the judgment rendered at March Term, 1933, of the court be set aside and vacated, and that it be adjudged by the court that the University of North Carolina is the owner of all the property, real and personal, which was owned by Ed L. Carter at the date of his death, subject only to the payment of his debts, if any, and the costs and expenses incurred in administering his estate. Answers to the petition were duly filed by both plaintiffs and defendants, who prayed that on the facts alleged in said answers the petition be dismissed. *Page 790 
The proceeding was heard on the petition of the University of North Carolina, as intervener, and the answers of the plaintiffs and defendants, at September Term, 1935, of the Superior Court of Forsyth County. At this hearing a statement in writing of facts agreed by the parties was filed with the court. The facts agreed by the parties are substantially as follows:
1. Ed L. Carter died in Forsyth County, North Carolina, intestate, on 20 August, 1932.
The plaintiff R. L. Hastings has been duly appointed and has duly qualified as administrator of Ed L. Carter, deceased.
At his death the said Ed L. Carter was seized in fee and in possession of the lands described in the petition. These lands have been sold pursuant to an order made in this proceeding by the clerk of the Superior Court of Forsyth County. The proceeds of the sale of said lands, to wit: The sum of $7,291.40, are now in the office of the clerk of the Superior Court of Forsyth County, and are subject to the final judgment in this proceeding.
At his death the said Ed L. Carter was the owner of considerable personal property, which has been sold by his administrator. The proceeds of the sale of said personal property, together with the amount of a deposit in the Wachovia Bank and Trust Company of Winston-Salem, N.C. which has been paid to the said administrator, amount to the sum of $9,000. This sum is now held by the administrator of Ed L. Carter, deceased, and is subject to the final judgment in this proceeding.
The deposit in the Wachovia Bank and Trust Company, amounting to the sum of $2,835.07, was to the credit of "Ed Carter or Bettie Carter." Bettie Carter was the mother of Ed Carter. She died intestate before his death. No administrator has been appointed for Bettie Carter. The deposits were made during the joint lives of Bettie Carter and Ed Carter, and were made up by money earned by their joint labors.
2. Ed L. Carter was the only child of Bettie Carter, who died in Forsyth County, North Carolina, intestate, about seventeen years before his death. He was the illegitimate son of Bettie Carter. He never married.
Bettie Carter, mother of Ed L. Carter, had two brothers, William Carter and Frank Carter, both of whom died prior to her death. Each of the brothers of the said Bettie Carter left surviving him children or grandchildren. The plaintiffs and the defendants are children or grandchildren or descendants of William Carter or of Frank Carter. Each of the defendants has been duly served with summons in this proceeding.
This proceeding was instituted on 12 December, 1932. At March Term, 1933, of the Superior Court of Forsyth County, judgment was rendered in the proceeding that certain named plaintiffs and defendants *Page 791 
are the heirs at law and next of kin of Ed L. Carter, deceased. The University of North Carolina was not a party to the proceeding at the time said judgment was rendered. After the said judgment was rendered, the University of North Carolina, on its motion, was allowed to intervene in the proceeding, and to file its petition praying that on the facts alleged therein, the judgment at March Term, 1933, of the Superior Court of Forsyth County be set aside and vacated, and that it be adjudged by the court that the University of North Carolina, under the Constitution and laws of this State, is the owner of all the property, real and personal, which was owned by Ed. L. Carter at his death, subject only to the payment of his debts, if any, and the costs and expenses incurred in administering his estate.
On the facts agreed, it was ordered, considered, and adjudged by the court that the University of North Carolina is entitled to all the funds now in the hands of the administrator of Ed L. Carter, deceased, and to all the funds now in the custody of the clerk of the Superior Court of Forsyth County, as proceeds of the sale of lands owned by the said Ed L. Carter at his death.
It was further ordered by the court "that R. L. Hastings, administrator as aforesaid, shall, immediately after paying the costs and expenses of administration and all debts and expenses of the estate of Ed L. Carter, deceased, pay the remainder of said funds to the University of North Carolina, and that the clerk of the Superior Court of Forsyth County shall likewise pay to the University of North Carolina the funds held by him."
All the parties to the proceeding, except the University of North Carolina, excepted to the judgment and appealed to the Supreme Court of North Carolina, assigning errors in the judgment.
There was no error in the order made in this proceeding by the judge of the Superior Court of Forsyth County at October Term, 1933, of said court, allowing the University of North Carolina to intervene in the proceeding in accordance with its motion made after the judgment had been rendered in the proceeding at March Term, 1933, of said court. The intervener was not a party to the proceeding at the time the judgment was rendered, and therefore was not bound by its provisions. On the facts alleged in its motion, which was in writing, the intervener had an interest not only in the controversy which was involved in the proceeding, but also in its subject matter. The controversy *Page 792 
between the plaintiff and defendants had been determined by the judgment, but the subject matter of the controversy was in the custody of the court, or subject to its control, at the time the motion was made. Whether or not, on these facts, the University of North Carolina should be allowed to intervene in the proceeding in accordance with its motion was a matter resting in the sound discretion of the court, and its order allowing the motion is for that reason not subject to review by this Court. Bank v.Lewis, 203 N.C. 644, 166 S.E. 800. We think, however, that in the instant case the court properly exercised its discretion when it allowed the University of North Carolina to intervene in the proceeding, and to assert therein its claim, under the Constitution and laws of this State, to the property, real and personal, which was owned by Ed L. Carter at his death.
At his death on 20 August, 1932, Ed L. Carter left surviving him no person who was entitled to his property, real or personal, as his heir at law or as his next of kin. He died intestate. He had never married. He was the only child of Bettie Carter, who had predeceased him. He was her illegitimate son. Under the Constitution and laws of this State, in force at the death of Ed L. Carter, his property, both real and personal, subject only to the claims of his creditors, if any, vested immediately in the University of North Carolina (see In re Neal, 182 N.C. 405,109 S.E. 70), and could not be divested by a statute enacted by the General Assembly subsequent to his death. Chapter 256, Public Laws of North Carolina, 1935, which was ratified on 29 April, 1935, is not applicable to the instant case, notwithstanding the provisions of section 3 of the statute.
There is no error in the judgment of which the plaintiffs or the defendants can complain. On the facts agreed, neither the plaintiffs nor the defendants have any right, title, or interest in the property, real or personal, which was owned by Ed L. Carter at his death. The judgment must be and is
Affirmed.