BOARD OF EDUCATION OF CHOWAN COUNTY v SHIRLEY JOHNSTON.

(Filed 1 March, 1944.)

**1. Escheats § 1—**

   The right of succession by escheat to all property, when there is no wife or husband or parties to inherit or take under the statutes of descent and distribution, has been conferred upon the University of North Carolina by the State Constitution, Art. IX, sec. 7, and extended by several statutes. G. S., 116-20, 21, 22, 23, 24, and 25.

**2. Descent and Distribution § 10b: Escheats § 2—**

   Prior to 1935, G. S., 29-1, Rule 10, when an illegitimate child died leaving no issue and his mother had predeceased him, the collateral relatives of the mother could not inherit from her illegitimate child.

**3. Escheats § 3—**

It is not necessary, under our laws governing inheritances and escheats, for the University of North Carolina to institute an action and have a court of competent jurisdiction determine whether or not such an inheritance has escheated before title to the inheritance vests in the University. Title to property which escheats does not remain *in nubibus.*

APPEAL by defendant from *Thompson, J.,* at November Term, 1943, of CHOWAN.

This is an action in ejectment. Plaintiff and defendant claim title through a common source. The land in controversy was conveyed to Allen A. Johnston by deed dated 4 November, 1879, and said deed was duly recorded in the office of the Register of Deeds of Chowan County, North Carolina.

Allen A. Johnston and his wife, Florence Johnston, had born unto them two children, to wit, the defendant Shirley Johnston and Martilda Johnston.

Allen A. Johnston died testate 13 February, 1929, and the will was duly probated in the office of the clerk of the Superior Court of Chowan County.

The testator devised the land described in the complaint filed in this action, in fee simple, to Dorothy Johnston, his grandchild, an illegitimate child of his daughter Martilda, subject, however, to a life estate devised to his wife, Florence Johnston.

Martilda Johnston, the mother of Dorothy Johnston, predeceased Dorothy, and Dorothy died 9 September, 1931, at the age of 18 years, unmarried and childless, leaving Florence Johnston, her grandmother, and Shirley Johnston, her uncle, surviving her.

Florence Johnston died 13 December, 1942, leaving Shirley Johnston, her only heir at law.

In 1937, the State of North Carolina and the University of North Carolina conveyed the land devised by Allen A. Johnston to Dorothy Johnston, to the Chowan County Board of Education, subject to the life estate of Florence Johnston, reciting in said conveyance that the interest of Dorothy Johnston in said land had escheated.

After the death of Florence Johnston in 1942, the plaintiff brought this action to eject defendant, who was in the possession of said land, claiming title.

There was a verdict and judgment below, declaring plaintiff to be the owner and entitled to immediate possession of the land.

The defendant appeals and assigns error.

*W. D. Pruden for plaintiff.*
*P. H. Bell for defendant, appellant.*

DENNY, J.  The right of succession by escheat to all property, when there is no wife or husband or parties entitled to inherit or take under the statutes of descent and distribution, has been conferred upon the University of North Carolina by the State Constitution, Art. IX, sec. 7, and extended by several statutes which, are now G. S., 116-20, 21, 22, 23, 24 and 25 (C. S., 5784, 5784 [a], 5785, 5786, 5786 [1] and 5786 [2]). *In re Neal*, 182 N. C., 405, 109 S. E., 70.

Prior to the enactment of chapter 256, Public Laws of 1935, G. S., 29-1, Rule 10 (C. S., 1654, Rule 10), when an illegitimate child died leaving no issue and his mother had predeceased him, the collateral relatives of the mother could not inherit from her illegitimate child. *Carter v. Smith*, 209 N. C., 788, 185 S. E., 15; *Wilson v. Wilson*, 189 N. C., 85, 126 S. E., 181; *In re Neal, supra; University v. Markham*, 174 N. C., 338, 93 S. E., 845.

If Dorothy Johnston had died after the enactment of chapter 256, Public Laws 1935, the defendant would have inherited her interest in the land now in controversy, subject to the life estate of Florence Johnston.  However, the appellant contends that the interest of Dorothy Johnston has not escheated to the University of North Carolina, since the University failed to institute an action and obtain a judgment declaring said interest escheated, prior to the enactment of the aforesaid Act.  Section 3 of the Act contains the following provision: "This Act shall be in full force and effect from and after its ratification and shall apply to all estates which have not been actually distributed prior thereto."  The contention cannot be sustained.  It is not necessary, under our laws governing inheritances and escheats, for the University of North Carolina to institute an action and have a court of competent jurisdiction to determine whether or not such an inheritance has escheated before the title to the inheritance vests in the University.

The question involved in this appeal was settled in the case of *Carter v. Smith, supra*.  Ed. L. Carter, the intestate, an illegitimate child, had died without issue, in 1932, leaving a substantial estate consisting of both real and personal property.  The mother of said child had predeceased him.  The proceeds from the sale of the real property and the personal estate were in the hands of the administrator, subject to the order of the court, at the time of the enactment of chapter 256, Public Laws of 1935.  The appellants contended that since the estate had not been distributed prior to the enactment of the aforesaid Act, the University was not entitled to the proceeds from the sale of the real property or to take the personal property.  However, this Court said: "At his death on 20 August, 1932, Ed L. Carter left surviving him no person who was entitled to his property, real or personal, as his heir at law or as his next of kin.  He died intestate.  He had never married.  He was the only

child of Bettie Carter, who had predeceased him. He was her illegitimate son. Under the Constitution and laws of this State, in force at the death of Ed L. Carter, his property, both real and personal, subject only to the claims of his creditors, if any, vested immediately in the University of North Carolina (see *In re Neal,* 182 N. C., 405, 109 S. E., 70), and could not be divested by a statute enacted by the General Assembly subsequent to his death. . Chapter 256, Public Laws of North Carolina, 1935, which was ratified on 29 April, 1935, is not applicable to the instant case, notwithstanding the provisions of section 3 of the statute." See also *University v. High Point,* 203 N. C., 558, 166 S. E., 511, in which opinion *Stacy, C. J.,* discusses the history of escheats, and points out that the title to property which escheats does not "remain *in nubibus.*"

In the trial below, we find

No error.