# Harriet Y. Shepard's Estate. Appeal of Charles E. Shepard et al.

*Wills—Probate—Appeals—Parties.*

Admitting a will to probate and granting letters testamentary thereon by the register are judicial acts, and the judgment must stand as final against all except those who have a right to contest by appeal therefrom ; and, as the jurisdiction of the register over the subject is wholly statutory, the right of appeal and the designation of the parties upon whom it is conferred must also be statutory.

*Wills—Issue devisavit vel non—Standing of creditor of heir to contest will—Act of March 15, 1832.*

Under the act of March 15, 1832, sec. 13, P. L. 138, the creditor of an heir is not " a party interested," entitled to appeal from the decree of the register of wills admitting to probate the ancestor's will, by which the heir is excluded.

*Appeals—Issue devisavit vel non.*

After a judgment on an issue devisavit vel non, the decision of the orphans' court overruling a demurrer to the appeal, and granting an issue, is reviewable on appeal from such decision. ·

Argued Feb. 4, 1895. Appeal, No. 238, Jan. T., 1895, by Charles E. Shepard et al., from decree of O. C. Montgomery County, overruling demurrer to appeal from decision of register of wills, admitting will to probate. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Demurrer to appeal from decision of register of wills admitting to probate a paper writing alleged to be the last will and testament of Harriet Y. Shepard.

The facts appear by the opinion of the Supreme Court.

The court overruled the demurrer and granted an issue devisavit vel non.

*Error assigned* was decree overruling demurrer.

*N. H. Larzelere, J. Morris Yeakle* with him, for appellant.— It is conceded, a disappointed heir may question the validity of the ancestor's will, but it would seem his creditors would have as little right to do so as a would-be heir of the disappointed heir : Vienne v. McCarty, 1 Dallas, 165.

The possibility of the debtor inheriting property cannot be reached by his creditor: Smith v. Kearney, 2 Barb. Ch. 533; Bl. Com., Bk. II. 10.

A stranger cannot appeal from a decree of the register granting letters of administration: In re Beeder's Est., 10 Pa. 261; Andrade's Will, 7 Phila. 251; McMaster v. Blair, 29 Pa. 298; McAvoy's Est., 8 Phila. 595; Taylor v. Com., 103 Pa. 96; Ballard v. Maxwell, 4 Leg. Opin. 603; McDonald v. White, 22 N. E. 599; Myer v. Logg, 68 Am. Dec. 447; Serviss v. McDonald, 9 Cent. Rep. 841; Baxter v. Baxter, 9 Cent. Rep. 191.

*Louis M. Childs* and *Charles Hunsicker, Montgomery Evans* and *Joseph W. Hunsicker* with them, for appellees.—The persons interested in any judicial proceeding are those whose pecuniary interests will be affected or bound by the decree: Paull v. Mackey, 3 Watts, 110; Sharp v. Long, 28 Pa. 433; Ward v. Tyler, 52 Pa. 393; Robinson v. Eldridge, 10 S. & R. 140; Kuester v. Keck, 8 W. & S. 16; McMurray's App., 101 Pa. 421; Shelton v. Town of Derby, 27 Conn. 421; Ricket v. Metrop. R. Co., L. R. 2 H. L. 175; Moore v. Marsh, 7 Wall. (U. S.) 515; Dickinson v. Dickinson, 61 Pa. 401; McCort's App., 98 Pa. 33; Cochran v. Young, 104 Pa. 333.

As to the personal estate the probate unappealed from would be conclusive and the validity of the will could be inquired of in no collateral proceeding: Loy v. Kennedy, 1 W. & S. 396; Holliday v. Ward, 19 Pa. 485; Spangler v. Rambler, 4 S. & R. 192.

As to real estate prior to the act of April 22, 1856, the probate of the will was only prima facie evidence of its validity, but since that act a probate unappealed from is conclusive upon all persons, and during these five years its validity can be attacked by caveat and appeal only: Warfield v. Fox, 53 Pa. 382; Folmar's App., 66 Pa. 482; Wilson v. Gaston, 92 Pa. 207; McCort's App., 98 Pa. 33; Broe v. Boyle, 108 Pa. 76.

If, therefore, this probate is to stand, the lien of the bank and of Mr. Williams upon the real estate, which passed from the decedent to her son, becomes valueless and can never be enforced. It is plainly evident, therefore, that the bank and Mr. Williams have a pecuniary interest in contesting the probate and are, therefore, such parties as the law contemplates when giving the right to caveat and appeal.

OPINION BY MR. JUSTICE DEAN, October 7, 1895 :

Harriet Y. Shepard, being seized of an estate of the value of about $80.000, on Dec. 14, 1891, died, leaving a will dated June 18, 1891, but executed shortly before her death, in which she disposed of her estate by a division into four equal parts: one fourth to her son, Charles E. Shepard; one fourth to her son, John S. Shepard; one fourth to the three children of a deceased daughter, Mrs. Abraham S. Yeakle, and the remaining fourth to her son, Henry S. Shepard's wife or children. The will purported to be signed by the testatrix with her own hand, and was attested by two witnesses. On the 30th of December, 1891, these two witnesses appeared before the register of wills of Montgomery county, and made oath in the usual form, that "they were present, saw and heard the testatrix, Harriet Y. Shepard, in said will named, sign, seal, publish and declare the same to be her last will and testament, and at the time of doing so, she was of sound mind, memory and understanding . . . . and that they signed as witnesses to the same at the request of said testatrix, in her presence and in the presence of each other."

The will was then admitted to registry by the proper officer, and letters testamentary issued to the executors appointed in the will.

By the will, the estate was devised to those to whom it would have descended under the intestate laws, except that as to the one son, Henry S. Shepard, the share which would have descended to him was devised to his wife or children. This disposition of Henry's share, of course, protected it from seizure by his creditors; so, on 9th of January, 1892, two of these creditors appealed from the decree admitting the will to registry, they averring the signature to be false, fraudulent and forged. To this appeal all the legatees under the will demurred, by a positive denial of the averments of the creditors, that the signature was false and forged, and further, by asserting that on the record creditors had no standing as parties to sue out or prosecute such appeal. The court below, on hearing, overruled the demurrer, and granted an issue *devisavit vel non.* On the trial of that issue on the merits, the verdict and judgment sustained the will. Before this, however, when the court overruled the demurrer, and entered decree for an issue, the legatees

had excepted, and after judgment in the common pleas entered this appeal from the decree awarding the issue.

Under the authority of Schwilke's App., 100 Pa. 628, the decision of the orphans' court overruling the demurrer now becomes reviewable on appeal from it, in the light of the evidence adduced on the trial of the issue in the common pleas. If the issue had been refused, the decree would have been final, and at once subject to appeal by the parties requesting it; but having been awarded, it was preliminary only to final judgment upon it in the common pleas.

The error assigned is the refusal of the court to sustain the demurrer, when the record showed the appellants from the register's decree were only creditors, and therefore not such "party interested" as by the act of assembly had a right of appeal.

The register of wills being a judicial officer, admitting a will to probate and granting letters testamentary thereon being judicial acts, the judgment must stand as final against all except those who have a right to contest it by appeal therefrom. The jurisdiction of the register over the subject being wholly statutory, the right of any appeal must also be statutory, as also the designation of the parties on whom is conferred the right. The 31st section of the act of 1832 declares that: "From all the judicial acts and decisions of the several registers, appeals may be taken to a register's court (now orphans' court by the constitution and act of May 15, 1874) of the respective county, to be appointed and called by the respective register in the manner prescribed by this act." Then the 13th section enacts that: "Whenever a caveat shall be entered against the admission of any testamentary writing to probate, and the person entering the same shall allege as the ground thereof, any matter of fact touching the validity of such writing, it shall be lawful for the register, at the request of any party interested, to issue a precept . . . . in the following form, viz:" Then follows the statutory precept, concluding with the words: "And further, that you cause all other persons who may be interested in the estate of the said (decedent) as heirs, relations or next of kin, devisees, legatees or executors, to be warned, so that they may come into our said court and become party to the said action, if they see cause."

The standing of these appellants depends on the interpreta

tion of the words " any party interested; " if they are not embraced by these words, they have no right of appeal, and the demurrer ought to have been sustained.

Creditors of the testatrix are interested in her estate, but not in her disposition of it by will, because their right against the estate is unaffected by the will. Is the creditor of the son a " party interested? " It may be conceded that in a certain sense a creditor is interested in the acquisition of property by his debtor, for the latter's ability to pay depends on the value of assets which the debtor can appropriate to the payment of, or the creditor seize in satisfaction of the debt. In this sense, the creditor would be interested in his debtor making a successful speculation in the stock market, drawing a prize in a lottery, or being a legatee under a will; but he has, in no sense of the words, such a tangible interest as would confer on him, as a " party interested," the right of a suitor. Does the fact that the debtor here would, under the law, if his mother had died intestate, have been an heir, place the creditor in any better position? In her lifetime, and immediately before her death, the mother was the absolute owner of her estate; there was not the semblance of privity between her and her son's debtor; she could make such disposition of her entire estate, by deed, gift or will, as she chose; the son, however strong may have been his expectations, or those of his creditor, had not even a legal estate in expectancy; such an estate is a present vested right, contingent only as to possible future enjoyment. But a mere expectation, that the ancestor will make a will in the debtor's favor, or will neither give nor grant the estate in his lifetime, and thereby a portion will fall to the debtor under the intestate laws, is wholly without substance as a present right, and incapable of estimate as to future value; it is utterly beyond the grasp of creditors. Then the mother dies, and her will is proven; those interested in her estate now are her creditors, who are not affected by the will, and her heirs, whose portions under the intestate laws may be affected by it. That one of the heirs owes money to a stranger to the mother does not make the stranger a party interested in the will.

If the creditor have any standing as a party interested in the estate of the testatrix, it must be by a theoretical substitution to the right of the son; but the son appears for himself,

as an active supporter and executor of the will; there is a direct antagonism between the two, although both claim to stand on the same right. Assume that on a contest at the instance of the son the will could be set aside, how can he be compelled to initiate or carry on such a contest? If his mother had tendered him as a gift either land or money, could his acceptance be compelled, in the interest of creditors, if he chose to decline the gift? The forgery of the will is denied in the pleadings; the jurisdiction to entertain an appeal at the suggestion of creditors alone is questioned by the demurrer; the subsequent trial on the merits developed that the case turned on the question as to whether the formalities required by the statute in the execution of wills had been complied with; the judgment was, they had been; but without this judgment we are of opinion that a creditor of an heir is not a party interested, as designated by the statute. We will not undertake, in the absence of express legislation, to give such scope to this language as is claimed by appellee for it; will not invite every disappointed creditor of every heir and legatee to contest the will of a parent who has attempted to provide for those dependent for subsistence on a thriftless son. For no line can be drawn which will limit the grounds of contest, if a creditor of an heir be a party interested; incapacity, undue influence, as well as fraud, may be alleged by any one of hundreds of creditors; such an interpretation would increase indefinitely the number of litigants; it would be in the power of any one to tie up large estates, although the interest of the debtor heir might be comparatively small. Here, for over four years, an estate of $80,000 has been practically impounded by this litigation; the creditor claims that one fourth, or $20,000, should go to a son, who owes him money, when by the will it goes to his wife or children; the other legatees, who have no interest in this question, and who are entitled to $60,000, are kept from the enjoyment of their mother's bounty in the meantime. If the estates of the dead are to be subjected to such perils, the legislature must open the door, and that by language of no doubtful import.

It is admitted, in the argument by counsel on both sides, that the question has not been decided in this state; both, however, draw opposite inferences from this fact; the appellant, that, up to this time, no lawyer ever thought a creditor was a party

interested; the appellee, that no lawyer ever doubted the right. A careful examination of the cases, as well as a very long judicial experience, leads us to believe that the profession generally have given to this language our interpretation of it. The law has been upon the statute book sixty-three years; in that time many hundreds of issues have been framed under it and judicially determined in the courts; a large number of them have reached this court; in not one was the creditor of an heir or legatee a party. So this question was not raised, and there has been no express negative of his right; but in so far as an affirmance of the rights of heirs and legatees can exclude all others, it has been decided many times that they alone have a standing as contestants. We first have what may be considered a legislative interpretation of the words in the same act in the form given for the precept to the court of common pleas; they are directed to " cause all other persons who may be interested in the estate, as heirs, relation or next of kin, devisees, legatees or executors, to be warned." This seems to be an enumeration of those who, in the preceding part of the same section, are designated as parties interested; this is not conclusive, it is true, but it possesses significance as to the sense of the words first used. It is held, a widow cannot contest, for she is not bound by the will: Com. v. Bunn, 71 Pa. 405. In Beeder's Estate, 10 Pa. 261, it is said, " the statute but follows the example afforded by the practice of the English ecclesiastical courts. These allow none to caveat or appeal, but those who can exhibit a pecuniary interest in the decedent's estate." In Dennis v. McAvoy, 8 Phila. 595, Paxson, J., said: "It is for the heirs and heirs alone to contest it," the will. In Cochran v. Young, 104 Pa. 333, the present chief justice uses this language: " Unless the caveators are of kin to Peter Cullin deceased, they have no standing in court as parties to an issue devisavit vel non to test the validity of the instrument purporting to be the last will and testament. If they were mere volunteers, having no interest in the estate, either as legatees or next of kin, they were mere intruders, and had no right to object to the probate of the will."

There are other cases, where in the decision of contests in which creditors were not parties, the courts have interpreted the act by enumerating heirs, legatees and next of kin, but in

no instance have creditors of heirs been denominated as parties interested ; they follow the same thought as that expressed in the form for precept in the act itself, that those interested are legatees, heirs and next of kin.

So, while rare as it is that in such a fruitful source of litigation, under a statute, too, more than sixty years old, there has been no direct interpretation of the most important words in it, we are clearly of the opinion that a creditor of an heir or legatee cannot, as a party interested, appeal from the decree of the register admitting the ancestor's will to probate. The appeal is sustained, and the decree of the court below overruling the demurrer is reversed.