# Winsor's Estate.

*Decedents' estates—Domicile of decedent—Intention—Declaration in will — Evidence — Existing circumstances — Probate of will—Family or principal residence—Register of Wills Act of June 7, 1917, P. L. 415, Section 4.*

Philadelphia County and not Montgomery County must be regarded as the family or principal residence of a decedent at the time of his death for the purpose of probating his will, where it appeared that he maintained a home in Philadelphia County for fifty years and declared in his will, which was prepared with great care after repeated consultations with his attorney, that he resided in Philadelphia, although his death took place in his country home in Montgomery County, which he had maintained for about thirty-five years, and he had, up to the time he executed his will, regarded Montgomery County as his domicile, as he spent the major portion of each year there, had registered and voted there, and made annual returns to the assessor of that county of his personal property for the purpose of taxation, it appearing further that after the execution of his will, which was about five and one-half months before his death, he neither said nor did anything indicating that he longer regarded his principal residence as located in Montgomery County.

Argued March 25, 1919. Appeal, No. 269, Jan. T., 1919, by Robert C. Miller, Register of Wills of Montgomery County, and Roy A. Hatfield, William Warner Harper and Harmon Y. Bready, County Commissioners of Montgomery County, from decree of O. C. Philadelphia Co., Oct. T., 1917, No. 52, dismissing appeal from the Register of Wills admitting will to probate and granting letters testamentary thereon in the Estate of William D. Winsor, deceased. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Appeal from decree of register of wills probating will of William D. Winsor, deceased, and granting letters testamentary thereon. Before LAMORELLE, P. J.

The orphans' court dismissed the appeal. See 27 Pa Dist. R. 1010. Robert C. Miller, Register of Wills of Montgomery Co., et al., appealed.

*Errors assigned* were, the findings of the court as to the domicile of the decedent and the decree dismissing the appeal.

*M. B. Saul,* of *Prichard, Saul, Bayard & Evans,* with him *Evans, High, Dettra & Swartz,* for appellants.—In the present case, where the domicile is one of choice, the elements necessary for the creation of the domicile must be that of residence and animus. manendi: Hairston v. Hairston, 27 Miss. 704; Chariton County v. Moberly, 59 Mo. 238; Arnold v. United States, 1 Fed. Cas. 1181; Burnham v. Rangeley, 1 Woodbury & Minot Rep. (U. S.) 7.

While voting is not conclusive evidence of a man's domicile, it is well nigh so: Shelton v. Tiffin, 6 How. (U. S.) 183; Fry's Election Case, 71 Pa. 302.

The recital in the will is not conclusive upon the actual fact of the decedent's domicile: Cook's Est., 27 Dist. Rep. 1006; Dalrymple's Est., 215 Pa. 367.

*Charles Biddle,* with him *J. Rodman Paul, Henry K. Edmunds* and *Robert M. Boyle,* for appellees.—The testator had a right. to choose his residence and when his choice is founded on actual physical residence in a particular district it is conclusive of the matter for the purposes of his will: Arnold v. United States, 1 Fed. Cas. 1181; Burnham v. Rangeley, 1 Woodbury & Minot Rep. (U. S.) 7.

OPINION BY MR. CHIEF JUSTICE BROWN, May 5, 1919:

William D. Winsor died at Ardmore, Montgomery County, this State, September 1, 1917. His will, executed in the City of Philadelphia, March 19, 1917, was admitted to probate by the register of wills of Philadelphia County, September 6, 1917, and letters testamentary

were granted to the executors therein named. From the admission of the will to probate in Philadelphia County the register of wills of Montgomery County appealed to the court below, on the ground that the family or principal residence of the testator at the time of his death was in Montgomery County. The commissioners of that county were granted leave to intervene as appellants, and from the decree of the court below, sustaining the action of the register of wills of Philadelphia County in admitting the will to probate, they and the register of wills of their county have appealed to this court. Their right to appeal is not questioned by the appellees, and we do not, therefore, pass upon it. The sole question for our consideration is, where was the family or principal residence of the decedent at the time of his death? If it was in Montgomery County, the will ought to have been presented to the register of that county for probate; if it was in Philadelphia County, this appeal must be dismissed.

"Wills shall be probated only before the register of wills of the county within which was the family or principal residence of the decedent at the time of his decease": Section 4, Act of June 7, 1917, P. L. 415. For fifty years the testator maintained a home in the City of Philadelphia. From 1883 he had another home, during a portion of each year, in Montgomery County, and since that year he lived in his Philadelphia home only during the winter months, leaving it annually in the early spring to spend the summer and early fall in his country home in Montgomery County. Though he had these two homes, he had but one legal domicile, and it was for him to determine where it should be, with the right to change it at any time from one county to the other: Jacobs on the Law of Domicile, sec. 423; Story on Conflict of Laws, Sec. 47; Hairston, Jr., et al. v. Hairston, 27 Miss. 704; Chariton County v. Moberly, 59 Mo. 238. Up to the time he executed his will the testator had undoubtedly regarded Montgomery County as his domicile, for he spent the

major portion of the year there, had registered and voted there, and made annual returns to an assessor of that county of his personal property for the purpose of taxation. His last return was made in December, 1916, for the year 1917; but while he had thus himself clearly established and proclaimed his domicile, when he was about to set his house in order for his final departure from it, it was for him to declare which of his two homes he regarded, and was to be regarded, as his family or principal residence. That he did so declare was most clearly established. His will was drawn after repeated consultations with him by Henry R. Edmunds, Esq., a careful and learned member of the Philadelphia bar. He knew, and the testator is presumed to have known, that the will would have to be admitted to probate in the county in which the latter had his family or principal residence— his domicile. The following is the testimony of Mr. Edmunds as to what occurred in connection with the drawing of the will: "Q. Mr. Edmunds, how many years were you acquainted with Mr. Winsor, William D. Winsor? A. I was his attorney; I was his attorney for about fifty years; how much before that time, I don't remember, but I was also counsel for his father, and I knew him intimately for fifty years. Q. You drew the will of Mr. Winsor which has been probated? A. Yes, sir. Q. From whom did you get instructions for that will? A. From him. Q. Where? A. In my office. Q. Will you tell us, please, what, if anything, occurred between you and him as his counsel at the time you took the instructions for that will? A. At that time, I knew Mr. Winsor lived in two places. He had a country place and a city place. I knew he resided at 2019 Pine street for at least forty years. He also lived out in Montgomery County, and I said to Mr. Winsor: 'What shall I put down in the will as your residence?' He said 'Philadelphia.' I remember that distinctly. Q. Was it for that reason? A. He must have taken that home too. We wrote it in paragraphs. Mr. Winsor would take it home. I would write three or

four paragraphs, and then he would take it home and submit it to his family, and I put that in. We must have been two or three weeks writing that will. Q. Was it written at the beginning of this will? A. Yes, sir. Q. That appeared in it the whole time this was going on, 'I, William D. Winsor, of the City of Philadelphia and State of Pennsylvania, do make this will'; that was in it all this time? A. All the time, certainly. It occurred many times. You know, I was puzzled by that myself. I live in both places that way. I wanted to know whether I called my residence where I vote. Q. I notice, Mr. Edmunds, on the first page of the will, the fourth item, these words: 'Item. I hereby give, devise and bequeath unto my dear wife Elizabeth my house No. 2019 Pine Street, Philadelphia, and also the lands and premises owned by me, situate in Lower Merion Township, Montgomery County, Pennsylvania, named by me and commonly known as "Hedgeley," together with all the buildings and improvements thereon of whatsoever nature, absolutely and in fee simple.' How did you come, in drafting this will, to say 'my house No. 2019 Pine Street,' 'and also the lands and premises owned by me'? A. That is his own language; that language was in his will, during the two weeks or more that we were going over it; it was constructed and reconstructed. He was there several times. Mr. Winsor must have lived on Pine Street at least forty years."

The devise of testator's real estate in words dictated by him to Mr. Edmunds is not without significance, for if he had regarded his family or principal residence as located in Montgomery County, he would naturally have referred to it as such, instead of merely styling his property there as "the lands and premises owned by me, situate in Lower Merion Township, Montgomery County, Pennsylvania." After the execution of his will, in which he declared himself to be a resident of the City of Philadelphia, he neither said nor did anything indicating that he longer regarded his family or principal residence as

located in Montgomery County, and the learned president judge of the court below correctly held: "This is the latest utterance on the subject so far as the record of the case discloses, and as no unequivocal act was performed by Mr. Winsor after the execution of the will the hearing judge finds as a fact that he himself determined upon Philadelphia as being his principal or family residence. The fact that he died in Montgomery County is a matter of no moment, in that the death took place in August, at which time of the year, according to all of the testimony, he used his Montgomery County residence."

Appeal dismissed and decree affirmed, at the costs of the appellants.