## In re: Appointment of Guardian for Belle N. Nicholls, a Weak-minded Person.

*Domicile—Jurisdiction—Appointment of a guardian—Act of May 28, 1907, P. L. 292.*

A man may only have one domicile although he may have various residences.

A domicile once acquired is presumed to continue until he has done such acts as to affirmatively show he intends to change it.

Under normal circumstances, the husband's domicile determines that of his wife, because her home in fact follows his.

In an application for the appointment of a guardian of a weakminded person the residence of the respondent was given as Fredonia, Mercer County. The evidence established that for a period of ten years she had been making her home with her foster-daughter, but that both she and her husband had traveled extensively and that the latter had maintained an office in the City of Pittsburgh. A short time prior to the application for the appointment of a guardian, the husband died, leaving a will which was probated in Allegheny County, in which he averred that he was a resident of the City of Pittsburgh. Nothing that he did was inconsistent with this statement, and loose declarations of his residence would not overcome the declaration definitely made in the last will and testament.

Under such circumstances the decree of the court of Mercer County will be vacated, because of lack of jurisdiction.

Argued April 16, 1925. Appeal No. 1, April T., 1925, by defendant from decree of C. P. Mercer County, April T., 1923, No. 101, appointing a guardian in the

case of In re Appointment of Guardian for Belle N.
Nicholls, a Feeble-minded person. Before HENDERSON,
TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for the appointment of a guardian. Before
McLAUGHRY, P. J.

The facts are stated in the opinion of the Superior
Court.

The court entered a decree appointing a guardian.
Defendant appealed.

*Error assigned,* among others, was the decree of the
court.

*James Balph,* and with him *Quincy A. Gordon,
James P. Whitla* and *A. H. Mercer,* for appellant.—
The law fixes the domicile of the wife by that of her
husband and denies to her the power of acquiring a
domicile of her own separate and apart from him:
School Directors v. James, 2 W. & S. 568; Hollister v.
Hollister, 6 Pa. 449; Barning v. Barning, 46 Pa. Su-
perior Court 291; Commonwealth v. Parker, 59 Pa.
Superior Court 74.

*T. C. Cochran,* for appellee.

OPINION BY TREXLER, J., July 9, 1925:

Application was made March 21, 1923, to the Court
of Common Pleas of Mercer County for the appoint-
ment of a guardian under the Act of May 28, 1907, P.
L. 292, for Belle N. Nicholls, who was represented in
said petition to be a resident of Fredonia, Mercer
County. On April 23, 1923, the said Belle N. Nicholls
made a demand in writing for a jury trial under the
4th section of the above act which reads: "If the per-
son against whom the proceedings are taken shall de-
mand in writing, prior to the decision of the court on
such application, a trial by jury, it shall thereupon be
the duty of the said court to award an issue, framed
to determine the question of fact involved, and such
trial shall be granted." Thereupon the court submit-

ted to the jury the questions, 1st—whether Belle N. Nicholls was a resident of the County of Mercer on March 21, 1923, the date of the application and 2d— whether she was feeble-minded. The jury found that Belle N. Nicholls was a resident of Mercer County on March 21, 1923, and also that she was feeble-minded. As to the last proposition the evidence is all one way and there could be no doubt as to an affirmative finding. There was a motion for judgment non obstante veredicto and a motion for a new trial both of which were denied.

The question is not of easy solution. The petitioner presented evidence showing that James F. Nicholls, the husband of Belle N. Nicholls, was a man of means, and living the life of a gentleman of leisure, his only care being the property which he had. They married in 1882 and went to housekeeping in a small way in Pittsburgh until June, 1913, interrupting the continuity of their stay in Pittsburgh by frequent trips to Battle Creek and abroad. They had no children. In June, 1913, Mr. Nicholls was 70 years of age and Mrs. Nicholls 72. They went to Fairview Township, Mercer County, and there stayed with her foster daughter. They sold their furniture, at least most of it, and took with them what was needed to furnish the place in Mercer County. They took bedroom suits, dishes, silverware, a sewing machine, dining room table, chairs, a davenport and other articles. When they got to the place Mr. Nicholls stated his intention to spend the rest of his days there. He had a telephone installed and lived continuously in Mercer County from 1913 to 1916. He made some trips to Pittsburgh, but always returned. He had an account in the Fredonia National Bank, although his principal account was kept in Pittsburgh. He made arrangements so that his tenants could pay rents at the trust company without his giving a receipt. When business took him to Pittsburgh he had a rear room on the third floor of the

building, in which he slept until it was destroyed by fire in 1917. After that the room was repaired but never afterwards occupied by him as a bedroom. Upon his visits to Pittsburgh with his wife or alone he would go to various hotels. His wife at that time had already developed some mental weakness and Miss Mary Etta Snyder became her attendant. Their place of staying in Mercer County was changed to Fredonia to the home of Mrs. Nancy Wasser, a sister of Miss Snyder, until the death of Mr. Nicholls. From that place they used to pay visits and make journeys but they always returned. Mrs. Nicholls was assessed and voted in Fredonia, on one occasion her taxes being paid by Miss Snyder by funds furnished by Mr. Nicholls. There is no evidence that Mr. Nicholls was assessed at any place. October 9, 1922, in making an application for a license for his automobile he gave his post-office address as Fredonia, Mercer County, Pennsylvania, and this was repeated February 27, 1922, when he asked for a transfer of the license.

The appellant presents the following. When Nicholls died in Allegheny County his will was admitted to probate by the register of said county unappealed from and appellant argues was a conclusive adjudication that his residence was in that county; the several wills which the said decedent had written, the one dated May 17, 1918, and one October 20, 1921, both start out with the words: "I, James F. Nicholls, of the City of Pittsburgh," etc.; in an option to purchase certain property situated in the city of Battle Creek, July 31, 1913, the parties stated in the lease James F. Nicholls and Belle N. Nicholls of Allegheny County, parties of the first part. It is conceded that the residence of James F. Nicholls up to 1913 was Pittsburgh and it is claimed, therefore, the residence is supposed to continue there until the contrary is proven and that the parties who testified to the statements made by Mr. Nicholls are all interested in the

result of the case; that his whole course of conduct bears out the conclusion that the resort to Fredonia was on account of the condition of his wife and that the casual remarks which are claimed to have been made by the decedent cannot overcome the clear and positive statement of his last will and testament in which he stated that his residence was Pittsburgh. That he had done nothing to contradict this position, that it was not inconsistent for him to sign a license application for an automobile, and to swear to it, in which the statement was contained that his post-office address was Fredonia; that admittedly he stayed at Fredonia for some length of time to be near his wife and this statement was merely a direction that the license should be mailed to that place; that the statement of the appellee that he stated his "residence" at Fredonia is not borne out by the exhibit (the exhibit shows that it is not a statement of residence but of post-office address). With these conflicting elements one might be inclined to accept the verdict of the jury as settling the matter, but we feel that the statement of the decedent in writing evidenced by the two wills which were offered in evidence show that he had definitely expressed his intention that his residence should be the County of Allegheny. His wife's residence would be the same as his. We find authority for this position in Winsor's Est., 264 Pa. 552. In that case Winsor died in Ardmore, Montgomery County, but his will was executed in Philadelphia County and admitted to probate in Philadelphia and from this admission the register of wills of Montgomery County appealed. The question in the case was, where was the residence of the decedent at the time of his death? It was stated that he had two homes but one legal domicile and it was for him to decide where it was to be, with the right to change it from one county to another. We think the same reasoning applies to the present case. The course of life of Mr. Nicholls and his wife shows that

their habits were rather uncertain as far as staying at any one place was concerned. Even when he was in Fredonia he had no fixed permanent place because he shifted around to different homes not staying in the same house with his wife continuously. After he declared his intention by will to be a resident of Allegheny County, he did nothing inconsistent with that and the loose declarations made by a man that he is making his home at a certain place would not overcome the declaration definitely made in the last will and testament as to where he claimed his residence.

We, therefore, are constrained to reverse the judgment of the lower court for lack of jurisdiction of the person of Belle N. Nicholls. The decree of the court below appointing a guardian for Belle N. Nicholls is reversed.

HENDERSON, J., dissents.