## Nelson's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen and Sinkler, JJ.

*John Wintersteen,* for exceptant.
*Robert M. Boyle,* Special Deputy Attorney General, contra.

GEST, J., April 6, 1934.—The testator in his will described himself as "of the City of Philadelphia, temporarily residing in the City of New York". His will was dated June 16, 1931, and he died on March 16, 1932. He appointed as his executor Girard Trust Company of this city, which offered the will for probate to the register of wills, and probate was decreed on April 9, 1932. Nearly all the assets of the testator were physically situate in the City of New York, and when the executor attempted to get possession of them the Tax Department of the State of New York refused to permit their removal without payment of the New York State taxes, or the entry of security therefor, on the ground that the testator was domiciled in that State.

The executor has consequently taken this appeal from the decree of probate, apprehending that the estate might become liable to taxation in both States. The auditing judge carefully analyzed the facts of the case in his opinion, and we concur in his finding that the testator was domiciled at Philadelphia, in the Commonwealth of Pennsylvania, and his will was therefore properly admitted to probate.

The vexed questions of domicile and residence, especially in connection with the assessment of inheritance tax, as in this case, have so recently been considered by the Supreme Court in Dorrance's Estate, 309 Pa. 151, and by this court in McShea's Estate, 20 D. & C. 222, that we are relieved from the necessity of considering the evidence in detail as discussed by the auditing judge, and shall merely emphasize two of the controlling elements of the case.

In the first place, the testator described himself in his will as "of Philadelphia, temporarily residing in the City of New York." This is by no means conclusive of his domicile, but has evidential value depending upon the facts. The important question is whether such a declaration of domicile was self-serving and intended to contradict the reasonable inference to be drawn from his acts, that is, to create evidence tending to establish as his legal domicile that which was not so in fact, or whether it was an honest statement of his bona fide belief and intention. See Winsor's Estate, 264 Pa. 552, followed in In re Nicholls, 86 Pa. Superior Ct. 38, and Dorrance's Estate, supra.

It was argued before us in behalf of the exceptant that testator's testamentary declaration was self-serving for "reasons which he thought or hoped might be favorable for the administration of his estate or the convenience of the beneficiaries who might in the course of events have occasion to consult with his trustee." But he knew that his declaration would, if sustained, subject his estate to an additional burden of taxation. A testamentary declaration under such facts and to accomplish such a purpose is not self-serving. In this respect, the present case is a strong contrast to Dorrance's Estate, where there was a "studied attempt to create evidence tending to indicate a legal residence in New Jersey" in furtherance of a general scheme to avoid the payment of taxes on personal property during life as well as inheritance taxes after his death and to effect the regulation of his affairs after his death in a manner not permitted by the laws of this State.

Secondly, it appears that when the testator came to this city in 1877 he rented a house at Wissahickon and lived there with his parents and two sisters, and in 1910 he purchased the house which continued to be used by his family. He became a clergyman and was assistant at St. Andrew's Church in Philadel-

phia until 1879, when he became associated with Grace Church in New York. In that city he became assistant to Bishop Potter and Secretary of the House of Bishops, and later a canon of the Cathedral of St. John the Divine. His father and mother and a sister lived in the Wissahickon house until their deaths, and a surviving sister still lives there, and he continually and habitually came there when not engaged in his clerical duties in New York, which appear to have been entirely administrative in their character as distinguished from parochial. It may safely be said that he had his domicile in Philadelphia as distinguished from his residence in New York, and that he kept his home in Philadelphia as distinguished from his office in New York.

As further discussion seems unnecessary, the exceptions to the opinion are dismissed, and the decree, dated January 27, 1934, dismissing the appeal of Girard Trust Company, executor of George Francis Nelson, deceased, from the decree of the register of wills and remitting the record to the register of wills, is confirmed absolutely.

*Opinion sur exceptions to decree on appeal from appraisement and assessment of transfer inheritance tax*

This appeal from the appraisement and assessment of transfer inheritance tax raised the question whether the decedent was domiciled in the Commonwealth of Pennsylvania or in the State of New York, and was heard, by agreement of the parties, together with the appeal of Girard Trust Company, as executor of George Francis Nelson, from the decree of probate of the will.

The question for decision being the same in both cases, it is not necessary to discuss the facts or the law, and, for the reasons given in our opinion dismissing the exceptions to the decree sur appeal from the probate of the will, the present exceptions to the decree, sur appeal from the appraisement and assessment of transfer inheritance tax, are dismissed, and the decree, dated February 9, 1934, dismissing the appeal of Girard Trust Company, executor of George Francis Nelson, from the appraisement and assessment of transfer inheritance tax and remitting the record to the register of wills, is confirmed absolutely.