## Cameron Estate

356

*Alton W. Lick*, for appellant.

*Katharine B. Martindale* and *William M. Young*, for respondents.

SWOPE, P. J., June 15, 1962.—Mary Cameron died testate on October 8, 1959. The will was admitted to probate by the register of wills of Dauphin County on October 20, 1959, and letters issued.

On November 17, 1959, C. Maurice Hershey, in his capacity as Register of Wills of Lancaster County, filed an appeal from the probate. Harry H. Gring, successor in office to C. Maurice Hershey, has since been substituted as party appellant.

On November 20, 1959, preliminary objections to the appeal were filed on behalf of the executor and the residuary legatees. On November 23, 1959, appellant filed his petition for citation sur appeal averring that decedent died a resident of Lancaster County. On the same date, this court handed down an order deferring action upon the petition because of the pendency of the preliminary objections.

On December 21, 1959, the court, upon motion of appellant, entered a rule upon the executor and residuary legatees to show cause why the preliminary objections should not be dismissed. After argument, our predecessor, the learned Judge Richards, in an opinion entitled "Cameron Estate", 22 D. & C. 2d 229,

76 Dauph. 24 (1960), dismissed the rule. The case, following the procedure prescribed by Judge Richards, is, therefore, now before this court on preliminary objections, which must first be disposed of without regard for the merits of the appeal.

For purposes of disposing of the preliminary objections, the parties have stipulated certain facts, as follows:

"1. C. Maurice Hershey was the Register of Wills of Lancaster County on November 17, 1959, when he filed his Appeal as Register of Wills of Lancaster County from the probate of the will of Mary Cameron, deceased, by the Register of Wills of Dauphin County; and he continued in office until he was succeeded to the said office by Harry H. Gring, who substituted himself as Appellant in this action on January 8, 1960.

"2. C. Maurice Hershey, now succeeded by Harry H. Gring, filed this Appeal solely in his capacity as Register of Wills of Lancaster County, Pa., and is neither an heir or next of kin of Mary Cameron, deceased, nor a legatee or devisee under the will of the said Mary Cameron, deceased.

"3. On and after October 20, 1959, when the will of Mary Cameron, deceased, was probated in Dauphin County, Pennsylvania, and Letters Testamentary were issued thereon to Dauphin Deposit Trust Company, Executor, there were certain payments made to the Register of Wills of Dauphin County, Pennsylvania. to-wit:

"(a) Fees from time to time accruing incidental to probate and administration;

"(b) Transfer inheritance tax as follows:

| | | |
|---|---|---|
| Partial payment, | $346,750.00 | 1/6/60 |
| Partial payment, | $9,654.72 | 9/17/60 |
| Final payment, | $3,240.12 | 3/21/61 |
| Penalty . . . . . | 79.02 | |
| Refund Dec. 1961 | $1,269.99 | |

"4. The Register of Wills of Lancaster County received less than the statutory maximum as commission for the collection of Transfer Inheritance Tax under the laws of Pennsylvania during 1959 and 1960, during which years he received respectively as commission the sum of $8,759.34 and $8,715.17."

In addition, as agreed by the parties, appellant has furnished the supplemental fact that he received during the year 1961, as agent of the Commonwealth of Pennsylvania, for the collection of Pennsylvania transfer inheritance tax, the sum of $8,300.49, less than the statutory maximum allowable of $10,000.

The narrow question presented at this stage of the proceedings is whether the register of wills of Lancaster County has standing sufficient to allow him to appeal from the probate of the will of Mary Cameron by the register of wills of Dauphin County on domiciliary grounds.

The office of register is created by article XIV, sec. 1, of the Pennsylvania Constitution. Since the Constitution, which creates the office, nowhere defines its rights and duties, the register of wills of any county has only such rights and duties as have been conferred statutorily. See Harriet Y. Shepard's Estate, 170 Pa. 323 (1895), where the Pennsylvania Supreme Court said, at page 326:

"The register of wills being a judicial officer, admitting a will to probate and granting letters testamentary thereon being judicial acts, the judgment must stand as final against all except those who have a right to contest it by appeal therefrom. The jurisdiction of the register over the subject being wholly statutory, the right of any appeal must also be statutory, as also the designation of the parties on whom is conferred the right. . ."

See also Sebik's Estate, 300 Pa. 45 (1930), and cases cited therein, to the effect that since the admis-

sion of a will to probate is a judicial decision, it can only be set aside on appeal.

The register of Lancaster County has stipulated that this appeal was filed solely in his capacity as register and that he is not an heir or next of kin of the deceased, nor a legatee or devisee under her will. Nor does he point to express statutory authority which would entitle him to bring this appeal.

Nevertheless, he insists that he can bring himself within the general provision for appeals from actions of the register which appears in section 208 of the Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.208, as follows:

". . . Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within two years of the decree. . ."

Appellant seeks to establish himself as a "person in interest" on three grounds:

1. That he is deprived by the action of the register of Dauphin County to certain filing fees to which he would be entitled if the probate were had in Lancaster County.

2. That he is deprived in like manner of commission for the collection of transfer inheritance tax as the agent of the Commonwealth.

3. That he has the duty as a public official to seek full compliance on the part of the personal representative of this decedent with the requirement that letters be taken out only in the county of decedent's residence at the date of death, in order to carry out his oath of office and to prevent and discourage fraudulent practice in the interest of heirs and creditors of decedent, and the public generally.

Appellant concedes that there are no decisions under the Register of Wills Act of 1951 which would establish his right to the instant appeal. He does advance, how-

ever, four lower court decisions under the identical appeal provision of the Registers' Act of 1917, which he contends establish his right. These cases are: Cook's Estate, 27 Dist. R. 1006 (1918) ; Winsor's Estate, 11 D. & C. 423, 264 Pa. 552 (1918) ; Wanamaker's Estate, 11 D. & C. 341 (1928) ; and Burke Estate, 75 D. & C. 303 (1951). Even though we were to agree with appellant's interpretation of these four cases in the Philadelphia and Montgomery County Courts, they would, at most have only persuasive value to aid in our present determination. Even so, we cannot agree that these cases establish appellant's status as a proper party to take this appeal.

In Cook's Estate, the court, even though the hearing judge had indicated his opinion that the register had status, did not pass upon the question, and rested its decision solely on the ground that the personal representative had agreed as to the residence of his decedent, and, accordingly, had joined as an appellant.

In Wanamaker's Estate, the question was not raised nor passed upon earlier by the hearing judge or the court. And in Burke Estate, the court again did not pass upon the question but reserved it by necessary implication.

Only in Winsor's Estate did the lower court come to grips with the question here at issue. It held specifically that the register had sufficient interest to entitle him to appeal on the basis of the fees to which he was entitled and the commissions on collection of inheritance tax which would be lost to him if the probate of the will in another county had stood.

We note, however, that the Supreme Court of this Commonwealth, in determining the appeal taken in Winsor's Estate, in its opinion in 264 Pa. 552 (1919), expressly reserved this question, when it said at page 554:

"The commissioners of that county [Montgomery]

were granted leave to intervene as appellants, and from the decree of the court below, sustaining the action of the register of wills of Philadelphia County in admitting the will to probate, they and the register of wills of their county have appealed to this court. Their right to appeal is not questioned by the appellees, and we do not, therefore, pass upon it. . ."

Nor do the later cases agree, in spite of the holding in Winsor's Estate, that the mere expectancy of fees or commissions is sufficient "interest" to support an appeal.

With regard to fees, in Elliott Estate, 388 Pa. 321 (1957), the Supreme Court of this Commonwealth said at pages 323, 324:

"To be entitled to prosecute an appeal, a person must have a present interest in the subject matter and must be aggrieved by the judgment, order or decree entered: 2 Am. Jur. 941, 944, Appeal and Error, §§149, 150, 151, 152; Pennsylvania Commercial Drivers Conference et al. v. Pennsylvania Milk Control Commission et al., 360 Pa. 477, 483, 484, 62 A. 2d 9 . . .

"The late Mr. Justice Linn, speaking for the court in Musser's Estate, 341 Pa. 1, 7, 17 A. 2d 411, said: 'These cases show that, in the absence of some special trust purpose, neither the trustee's abstract interest in seeing the testator's intent carried out, *nor his concrete interest in his fees,* can prevent the termination of the trust if all the beneficiaries agree to terminate. To make him an aggrieved party, something else is necessary." (Italics supplied.)

See also Winter's Estate, 57 D. & C. 443 (1945), where an alleged contract to name a certain attorney as executor, which was not carried out by testator, did not create a sufficient interest to entitle the attorney to appeal from probate. In other jurisdictions, it has been held that an executor's loss of fee is not such a

property interest as to entitle him to appeal from probate: Helfrich v. Yockel, 143 Md. 371, 122 Atl. 360 (1923), and In re Stewart Estate, 107 Iowa 117, 77 N. W. 574 (1898). It has likewise been held that a public administrator entitled to fees from intestate estates is not sufficiently in interest to be entitled to appeal from probate of an alleged will: Estate of Golden, 4 Cal. 2d 300, 48 P. 2d 962 (1935); State ex rel. Eakins v. District Court, 34 Mont. 226, 85 Pac. 1022 (1906); In re Neal's Will, 182 N. C. 405, 109 S. E. 70 (1921).

With regard to commissions inuring to the register from his collection of transfer inheritance tax, not only does the register not, thereby, have any interest except as agent of the Commonwealth, which would render the Secretary of Revenue an indispensable party to this appeal, but also, when the register acts as such agent he does so entirely separate and distinct from his official capacity as register, and we note that in the instant appeal appellant has stipulated that he acts solely in his capacity as register. By so stipulating, appellant has deprived himself of any contention by which he seeks, as register, to base his "interest" on commissions. See Powell v. Shephard, 381 Pa. 405 (1955), where the court said at pages 410, 411:

"In Commonwealth ex rel. Duff v. Huston, 361 Pa. 1, 4, 61 A. 2d 831, Mr. Justice Patterson speaking for this court said,—'Since Philadelphia v. Martin, 125 Pa. 583, 17 A. 507, whenever the question has arisen this Court has consistently held that a county officer, acting for the Commonwealth in the collection of its revenues, does not act in his capacity as a public officer, but as an agent or employe of the Commonwealth performing distinct and separate functions.' Stated negatively, when a county officer collects taxes for the State, he is not acting in his capacity as a county official. . ."

"Since the defendant is merely the agent of the Secretary of Revenue for the collection of the State realty transfer tax, it follows that the Secretary is an indispensable party to the instant proceeding. . ."

See also Luzerne County v. Morgan, 263 Pa. 458 (1919).

Turning to the third basis upon which appellant seeks to justify his appeal, that as a public official sworn to uphold the law, he has a duty to protect heirs, creditors and the public generally against the possibility of fraud and collusion in the probate of wills in counties other than his own, while we must commend the loftiness of his concern and the zeal with which he approaches his sworn duties, we cannot but feel that in this regard he goes far beyond the bounds within which his proper function lies. Appellant's fears are far too vague and speculative to be considered an "interest" such as is required to give him the status of an appellant in this matter. Until shown otherwise, we must assume that the register of Dauphin County, as all other public servants, is not guilty of fraud or collusion in the carrying out of his official function. The register of Lancaster County, in carrying out his own function as register, within his own county is, of course, bound to comply with and uphold the law consistent with his oath of office. But, when he seeks to go beyond his own proper jurisdiction in order to superintend and pass upon the actions of another public official, he must be prepared to demonstrate much more than the simple interest which all citizens have in the proper fulfillment of government at the hands of those in whose trust that responsibility resides. The register, being a constitutionally created officer, having no common law right to appeal, must produce a statutory prescription in which he is given such right, which he has failed to do, or he must comply, as any other citizen, with the requirement that he has sufficient

interest of a direct nature as to raise him to the status of appellant. This, also he has not done. His interest in the will in question is, in fact, not sufficient as to allow him to compel its probate in his own office, nor even to order it produced for probate except at the instance of another who has sufficient interest: Register of Wills Act of 1951, sec. 307, 20 PS §1840.307; Yontz v. Yontz, 42 D. & C. 182 (1941), under the similar provision of the 1917 Registers' Act. Even though the Lancaster register was successful in the instant appeal in negativing the probate in Dauphin County, he could not accomplish his purpose of insuring his fees and commissions except at the instance of an interested party, not himself.

It is well settled that the action of a register in probating a will is a function, judicial in nature: Sebik's Estate, 300 Pa. 45 (1930); Shoenberger's Estate, 139 Pa. 132 (1891). It is equally well settled that appeal from a judicial decision has been carefully guarded against those who have insufficient interest in the outcome: Beeder's Estate, 10 Pa. 261 (1849); Harriet Y. Shepard's Estate, 170 Pa. 323 (1895). A fortiori, a person who has no interest cannot be heard to say he is nevertheless "aggrieved" and the Registers' Act of 1951, as did its predecessor of 1917, requires that the appellant be "a person in interest who is aggrieved." See Carother's Estate, 300 Pa. 185 (1930).

To allow indiscriminate appeals against the actions of public officials, without requiring strictly that the appellant show a direct and immediate interest, would create a chaotic condition in the courts and would result in a stultifying heterogeny of suits to no useful end. As elsewhere, promiscuity in the allowance of appeals may not be viewed favorably by the courts: Burns v. Pennsylvania Milk Control Commission, 63 D. & C. 388 (1947), affirmed in 360 Pa. 477; Harriet Y. Shepard's Estate, 170 Pa. 323 (1895).

Although we are not inclined to agree, as suggested by counsel for the executor and residuary legatees, that the issue as to the appellant's status is moot, we do not pass upon this question.

Being of the opinion, however, that the register of Lancaster County is not such a "person in interest who is aggrieved" in the same sense required by the appeal provision, section 208, of the Register of Wills Act of 1951, to bring this appeal, either on the basis of his fees, commissions or public duty, and being of the further opinion that the four lower court decisions upon which appellant seeks to rest the main weight of his position, either do not treat the issue or specifically or impliedly reserve it, or are not in agreement with later decisions, and in the absence of any express statutory provision allowing the register to appeal, we must find that any interest which the register of Lancaster County may have in the probate of Mary Cameron's will in Dauphin County, is not sufficiently direct and immediate, but is rather too vague, speculative or remote to support his present position as appellant, and, accordingly make the following

### Order

And now, June 15, 1962, the preliminary objections heretofore filed on behalf of the executor and residuary legatees to the appeal of the register of wills of Lancaster County, from the decree of the register of wills of Dauphin County, admitting to probate the last will and testament of Mary Cameron, deceased, are hereby sustained and the appeal is dismissed.