## Lazar Estate (No. 1)

Before Klein, P. J., and Bolger, Lefever, Saylor, Shoyer, and Burke, JJ.

*Fox, Rothschild, O'Brien & Frankel,* for petitioner.

*Brown, Brown & Wieland,* and *Dechert, Price & Rhoads,* contra.

KLEIN, P. J., November 5, 1965.—On May 28, 1947, decedent, Lena G. Lazar, entered into a written agreement with her husband, Milton C. Lazar, in which she agreed, inter alia, to "make a will, and thereafter maintain it", leaving "three-fourths of her entire estate she owns at the time of her death" to five named nieces and nephews of the husband, "and to their issue,

per stirpes", in consideration of his agreement to maintain his will, under the provisions of which he gave his entire estate to her.

Milton C. Lazar died on September 4, 1947, leaving a will by which his entire estate was left to his wife in compliance with the agreement.

On January 18, 1965, Lena G. Lazar executed a testamentary writing in which she disposed of her estate in a manner different from that set forth in the agreement made with her husband. She died four days later on January 22, 1965, and this writing was admitted to probate by the register of wills.

Susan R. Simon, daughter of Ruth Simon, one of the husband's nieces named in the agreement, who predeceased Lena G. Lazar, appealed from the probate of the will, alleging that it was procured by undue influence.

On August 16, 1965, a citation was issued pursuant to appellant's petition.

A responsive answer denying that undue influence was exercised was filed by Joseph C. Chapman, the executor named in the disputed will. This answer contained new matter to which a reply was filed by the contestant.

Provident National Bank, a respondent by virtue of being one of the trustees named in an inter vivos trust created by decedent, and Clement M. Stuart, principal beneficiary under the probated will, filed identical preliminary objections, in which they allege that: "1. The petition fails to show that the alleged pecuniary interest of petitioner under the agreement of May 28, 1947, will be affected by the probate of decedent's will."

Subsequent to filing his answer, the executor filed a motion for judgment on the pleadings, alleging that "The facts which must be accepted by the Court as true for the purposes of the within motion, afford no legal basis for the relief prayed for by petitioner."

With the record in this involved condition, we will direct our attention to the preliminary objections filed by Clement M. Stuart and Provident National Bank.

We must approach this problem bearing in mind the basic rule that when argument is heard on petition and preliminary objections, the well-pleaded averments in the petition must be taken as true: Eden Roc Country Club v. Mullhauser, 416 Pa. 61 (1964); Schrader v. Heath, 408 Pa. 79, 83 (1962); Gardner v. Allegheny County, 382 Pa. 88 (1955); Shaffer v. Shaffer, 354 Pa. 517 (1946); Hamilton Estate, 351 Pa. 419 (1945); Smith Estate, 28 D. & C. 2d 343 (1962); Diamandas Estate, 73 D. & C. 334, 1 Fiduc. Rep. 334 (1950).

The thrust of the preliminary objections is that whatever rights the petitioner has as a third party beneficiary under the contract made by decedent with her husband concerning their wills are those of a creditor against the wife's estate and that as a creditor she has no standing to contest the will because her rights are completely unaffected by the dispositive provisions. This is clearly correct: Masisak Estate, 15 Fiduc. Rep. 233 (1965). See Shepard's Estate, 170 Pa. 323, 327 (1895); Carson's Estate, 241 Pa. 117 (1913); Baron Estate, 35 D. & C. 2d 571 (1965). If petitioner's claim were based solely on the status as creditor, she would have no right to challenge the validity of the will.

But she apparently has other rights, the nature of which we must explore.

Section 208 of the Register of Wills Act of June 28, 1951, provides that, "Any party in interest who is aggrieved by a decree of the register . . . may appeal therefrom to the court within two years of the decree. . . ."

Who are parties in interest? In our opinion, such persons are restricted to one of the three following

categories: (1) Relatives, who would take under the intestate laws, if the will were set aside; (2) Commonwealth of Pennsylvania, as statutory heir, in default of all persons qualified to take under the intestate laws; or (3) beneficiaries under a prior will which would become effective if the contested writing were held to be invalid.

In the present case, Susan R. Simon, the appellant, was admittedly not related by blood to decedent and, hence, does not qualify as an heir at law by reason of kinship. She may, however, be a beneficiary under a prior will if the will which is being questioned is set aside.

She avers in her petition, inter alia, that:

"5. In the ten-year period following the death of Milton C. Lazar on September 4, 1947, LENA G. LAZAR executed twelve successive wills or codicils drafted by the late Lewis M. Stevens, Esq. All of the wills and codicils were in substantial compliance with the contractual obligations of LENA G. LAZAR under the agreement dated May 28, 1947 . . .

"7. In the five-year period following her brain operation in 1958 LENA G. LAZAR executed twelve successive wills or codicils drafted by the late Lewis M. Stevens, Esq. All of the wills and codicils were in substantial compliance with the contractual obligations of LENA G. LAZAR under the 1947 agreement."

Although these averments are inartistically pleaded, we gather that petitioner means to say that on January 18, 1965, the date upon which the probated writing was executed, a prior will executed by decedent was in existence under the provisions of which petitioner would take as a beneficiary. If an investigation by petitioner reveals that decedent executed other wills, in which petitioner was excluded as a beneficiary, prior to January 18, 1965, but after the date of the last will in which she was designated as a beneficiary, she

must also be prepared to challenge the validity of these instruments in order to have any standing as an interested party.

Moreover, the broad generalities contained in the petition, with respect to prior wills executed by decedent, do not meet the requirements of our practice. The petitioner must specifically set forth under which instrument she claims to be an interested party and attach a copy of it and other relevant testamentary writings to her petition.

We, therefore, enter the following

### DECREE

And now, November 5, 1965, the preliminary objections are sustained. Leave is granted to Susan R. Simon, the petitioner, to file an amended petition within 30 days of this date.